992 P.2d 1219

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Antonio C. LONGORIA, Defendant–Appellant.**

No. 24443.

Court of Appeals of Idaho.

Dec. 23, 1999.

4. In light of our holding, we find it unnecessary to address Doe's other claims on appeal.

Parmenter Law Office, Blackfoot, for appellant. David N. Parmenter argued.

Hon. Alan G. Lance, Attorney General; Kenneth M. Robins, Deputy Attorney General, Boise, for respondent. Kenneth M. Robins argued.

SCHWARTZMAN, Judge.

Antonio C. Longoria appeals from the judgment and sentences entered by the district court following a jury verdict finding him guilty of two counts of lewd conduct with a minor and one count of sexual abuse of a minor. He asserts that the district court erred by (1) denying his motion for a psychiatric examination, (2) denying his motion to sever the three counts in the information, and (3) relinquishing jurisdiction and ordering execution of sentence.[1] For the reasons stated below, we affirm.

## I.

## FACTS AND PROCEDURE

Evidence presented by the state at trial revealed the following factual scenario. In 1988, R. M., nine years old, spent the night with one of Longoria's daughters in Longoria's home. While she was in Longoria's daughter's bed, Longoria tried to persuade her to join him upstairs on the couch. She declined. Longoria then picked her up and carried her upstairs where he placed her on the couch and fondled her breasts and vagina and rubbed his penis against her buttocks.

During the summer of 1995, S. M., eleven years old, and the younger sister of R. M., spent the night with Longoria's younger daughter in Longoria's home. During the night Longoria woke her up and asked her if she wanted to watch television. S. M. did so, slept for a while and awoke with a stomach ache. After she complained about her stomach ache, Longoria began rubbing her stomach and back with lotion and touched her vagina and buttocks with this hands and penis. After that, Longoria inserted his penis into her mouth. When he was through, Longoria told her, "Don't tell on me because you don't want your Uncle Tony to get in trouble."

In March 1996, K. T., eleven years old, spent the night with Longoria's younger daughter at Longoria's home. She awoke that night to find Longoria fondling her chest. She crawled to the bottom of her sleeping bag to stop him.

On August 9, 1996, Longoria was charged with three counts of lewd conduct with a minor under sixteen, I.C. § 18–1508. Count one involved the fondling of R.M. in July 1988. The remaining counts occurred in 1995 with S.M. and in 1996 with K.T. Longoria pled not guilty.

Counsel for Longoria filed an Idaho Criminal Rule (I.C.R.) 14 motion for relief from prejudicial joinder, seeking to have the three counts of lewd conduct with a minor under sixteen tried separately on the grounds that each count arose from a discrete and separate occurrence in separate years involving a different victim. The district court denied Longoria's motion to sever on the grounds that there was little risk of confusion because the charges were simple and distinct and that proper instruction of the jury would limit any potential confusion. A month and a half after his appointment, Longoria's attorney moved to withdraw as trial counsel based upon Longoria's complaint against him to the Idaho State Bar and his belief that counsel was a part of a general conspiracy in the

---

1. At oral argument, counsel conceded that any statute of limitations/*ex post facto* defenses as to Count I, the lewd conduct charge from 1988, would not be viable. *See State v. O'Neill,* 118 Idaho 244, 796 P.2d 121 (1990); *State v. Claxton,* 128 Idaho 782, 918 P.2d 1227 (Ct.App.1996).

legal system. Counsel also filed a motion for a psychiatric evaluation and supporting affidavit asserting that Longoria was paranoid and possibly delusional. The court denied both motions.

Following a two-day jury trial on all three counts, the jury found Longoria guilty of two counts of lewd conduct and one lesser included offense of sexual abuse of a minor under sixteen. At sentencing, the district court imposed concurrent terms of ten years with three years fixed for the two counts of lewd conduct with a minor under sixteen, and five years with one year fixed for sexual abuse of a child under the age of sixteen, but retained jurisdiction. At the end of the retained jurisdiction period, the court relinquished jurisdiction after a hearing. This appeal follows.

## II.

### LONGORIA'S MOTION FOR A MENTAL EXAMINATION FAILED TO RAISE A REASON TO DOUBT HIS CAPACITY TO UNDERSTAND THE PROCEEDINGS AGAINST HIM OR TO ASSIST IN HIS OWN DEFENSE AT THE TIME OF TRIAL

### A. Standard Of Review

■ The decision whether reasonable grounds exist to order a psychological/psychiatric evaluation to determine a defendant's competence to stand trial is left to the discretion of the trial court. *State v. Potter*, 109 Idaho 967, 969, 712 P.2d 668, 670 (Ct.App. 1985), citing with approval *State v. Roper*, 140 Ariz. 459, 682 P.2d 464, 468 (App.1984) ("the trial court has broad discretion on determining if reasonable grounds exist [to question a defendant's competency], and unless there has been manifest abuse in this discretion, the trial court will be upheld.") Absent a clear abuse of discretion, the trial court's decision not to order a mental evaluation will be upheld on appeal. The appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the

boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

### B. Analysis

■ Idaho Code § 18–211 sets forth the standard to be met before a mental examination of a defendant is required: .

**Examination of defendant—Appointment of psychiatrists and licensed psychologists — Hospitalization — Report.**—(1) *Whenever there is reason to doubt the defendant's fitness to proceed* as set forth in section 18–210, Idaho Code, the court shall appoint at least one (1) qualified psychiatrist or licensed psychologist or shall request the director of the department of health and welfare to designate at least one (1) qualified psychiatrist or licensed psychologist to examine and report upon the mental condition of the defendant to assist counsel with defense or understand the proceedings.

(Emphasis added.). Idaho law provides that no person who lacks the capacity to assist counsel or understand the proceedings against him or her shall be tried, convicted, sentenced, or punished during the period of incompetence. I.C. § 18–210. Competency to stand trial is a two-pronged test. A defendant must be competent to both understand the proceedings against him and assist in his own defense. I.C. § 18–210; *State v. Powers*, 96 Idaho 833, 842, 537 P.2d 1369, 1378 (1975). The trial judge is under a continuing duty to observe a defendant's ability to understand the proceedings against him. *Potter*, 109 Idaho at 969, 712 P.2d at 670. In this case, only the second prong is at issue.[2]

A few days before trial, counsel for Longoria filed a motion for a psychiatric evaluation. In his affidavit filed with the motion, counsel asserted that Longoria "acts and speaks with a great deal of paranoia," is difficult to deal with, and that Longoria would oppose any

---

2. At oral argument, counsel conceded that Longoria understood the nature of the criminal proceedings.

examination. Counsel added that an alcohol evaluation, prepared for use in sentencing Longoria for an unrelated offense of driving under the influence, had recommended that Longoria have a mental evaluation. The DUI evaluation reflected that Longoria is a disabled farm laborer with a third grade education, who denied use of alcohol and admitted being an I.V. drug user who preferred crank. The DUI evaluator specifically stated:

> It is my personal and professional opinion Mr. Longoria is a drug addict, not only to illegal drugs but also to prescribed medications. Your honor, I do not believe Mr. Longoria is a candidate for probation or for drug and alcohol treatment. Therefore, I would recommend incarceration and upon Mr. Longoria being incarcerated a mental health evaluation be ordered as soon as possible.

On the day of trial, the court held a hearing on the motion in chambers. Counsel for Longoria acknowledged that he had just completed a jury trial with Longoria on the unrelated DUI offense without incident. Nevertheless, counsel questioned Longoria's ability to assist in his own defense because of his lack of cooperation.

The trial court noted that the motion was couched in terms of a "possible problem," but failed to present any information raising a reason to doubt Longoria's ability to testify in a rational manner. The court explained that it had read the motion, affidavit and DUI evaluation. The DUI evaluation did not address psychological issues. Additionally, the subsequent sex offender evaluation prepared in this case indicated that Longoria did not suffer from any mental illness. Rather, Longoria was seen as a largely manipulative and self-centered personality, with few concerns in regard to others' expectations and as one who simply refused to cooperate.

■ On appeal, Longoria has failed to include the sex offender evaluation, DUI evaluation, and presentence investigation report (PSI) as a part of the record on appeal. It is axiomatic that an appellant bears the burden of providing an adequate record to substantiate his or her claims before the appellate court. *State v. Beason,* 119 Idaho 103, 803 P.2d 1009 (Ct.App.1991); *State v. Murinko,* 108 Idaho 872, 702 P.2d 910 (Ct. App.1985). In the absence of an adequate record on appeal, we will not presume error. Missing portions of the record must be presumed to support the action of the trial court. *Kugler v. Drown,* 119 Idaho 687, 690, 809 P.2d 1166, 1169 (Ct.App.1991).

■ Although Longoria did not testify at trial, there is no indication that he could not conform his behavior to the decorum of the court. At sentencing, Longoria was appropriate, coherent and responsive to the court's questions. The court concluded that there was no reason to doubt that Longoria was competent to stand trial. Rather, the court viewed Longoria's lack of cooperation as a choice rather than an inability caused by mental disease or defect. As the Idaho Supreme Court has recognized:

> A criminal trial is difficult for any defendant and it is quite conceivable in any case that a defendant will be so emotionally shaken that testifying will be very difficult. As we understand competency it is only if the defendant is mentally or emotionally incapable of testifying in a rational manner that he should be adjudged incompetent.

*Powers,* 96 Idaho at 842–43, 537 P.2d at 1378–79, *quoting United States v. Horowitz,* 360 F.Supp. 772, 778 (E.D.Pa.1973). The mere fact that Longoria did not heed his counsel's advice and was uncooperative or that his conduct on the stand would have more likely hurt than help his case, does not render him incompetent to stand trial. Consequently, we cannot say that the court abused its discretion in denying Longoria's motion for a mental examination.

## II.

## LONGORIA WAS NOT PREJUDICED BY THE DISTRICT COURT'S DENIAL OF HIS MOTION TO SEVER THE THREE COUNTS OF LEWD CONDUCT WITH A MINOR

### A. Standard Of Review

■ Longoria contends the court erred

in denying his motion to sever[3] the charges for trial pursuant to I.C.R. 14. A motion to sever is directed to the trial court's discretion, and we will not overturn a denial of the motion unless the trial court has abused its discretion. *State v. Abel*, 104 Idaho 865, 867–70, 664 P.2d 772, 774–77 (1983).

## B. Analysis

■ In *Abel*, our Supreme Court conducted a post-trial review to determine whether one or more of the following "potential sources of prejudice" appeared: (a) the possibility that the jury may confuse and cumulate the evidence, rather than keeping the evidence properly segregated; (b) the potential that the defendant may be confounded in presenting defenses; and (c) the possibility that the jury may conclude the defendant is guilty of one crime and then find him guilty of the other simply because of his criminal disposition, i.e. he is a "bad person." *Abel*, 104 Idaho at 868, 664 P.2d at 775.

In his motion to sever, Longoria argued that the jury might confuse and cumulate the evidence against him on the three separate counts, thereby prejudicing him. No other information was offered in support of the motion. The district court denied Longoria's motion to sever, explaining that each count was a separate, distinct charge and that there was little likelihood that the jury would confuse the evidence. The court stated that Longoria had failed to establish that there was any risk that the jury would find him not guilty of the specific charges but nevertheless reach a guilty verdict on the basis of the number of charges. The court further explained that what little risk there was could be limited by proper jury instructions.[4] Finally, the court noted that Longoria had failed to establish how his ability to present defenses would be confounded by non-severance of the charges.

■ Here, the facts relating to each incident were simple, straight forward, and distinct. All three of Longoria's victims testified to the specific events that took place when Longoria molested them, as set forth in the facts and proceedings above. As the district court noted, there was little risk the jury would confuse or cumulate the evidence in applying the court's instructions regarding the evidence in the case. The jury was properly instructed that each count charged a separate and distinct offense which must be decided separately on the evidence and the applicable law, uninfluenced by the jury's decision on any other count.

Applying the approach in *Abel*, we conclude there is no indication that the jury confused and/or cumulated the evidence or that Longoria was confounded in presenting his defenses. There was ample evidence presented from which the jury could find, beyond a reasonable doubt, that Longoria was guilty of each of the counts filed against him.

■ Next, I.R.E. 404(b) provides that evidence of a defendant's other crimes, wrongs, or acts are not admissible to prove the defendant's character in order to show that the defendant acted in conformity therewith. However, Longoria suffered no actual prejudice as a result of the denial of his motion to sever because evidence regarding each separate count would be admissible to prove another count where such evidence is probative of a general plan to exploit and sexually abuse an identifiable group of young female victims. *See, e.g., State v. LaBelle*, 126 Idaho 564, 567–68, 887 P.2d 1071, 1074–75 (1995); *State v. Phillips*, 123 Idaho 178, 181–82, 845 P.2d 1211, 1214–15 (1993); *State v. Moore*, 120 Idaho 743, 745–47, 819 P.2d 1143, 1145–47 (1991); *State v. Byington*, 132 Idaho 597, 606–07, 977 P.2d 211, 220–21 (Ct.App.1998), *aff'g* 132 Idaho 589, 977 P.2d 203 (1999).

---

**3.** Longoria does not make any argument that the joinder of the charges against him in the first instance was impermissible under I.C.R. 8(a). Rather, he asserts that he was *prejudiced* by the joinder, and that the charges therefore should have been severed for trial. Accordingly, we offer no opinion on the propriety of the prosecution's decision to charge the three offenses in a single complaint in the first instance.

**4.** The jury instructions are included in the record on appeal. Instruction 13 instructed the jury to decide each offense separately on the verdict form. Instructions 14–19 instructed the jury on each count specifically and on the lesser included offenses of sexual abuse and battery on count III.

Longoria's behavior patterns and conduct in each incident are virtually identical. Had each count been tried separately, evidence of Longoria's other two sex crimes would have been admissible in each of the trials to prove a common plan to exploit and sexually abuse an identifiable group of young female victims.[5] Each occurred during a sleepover with one of Longoria's daughters. All the victims were of similar age, between nine and eleven years old, at the time Longoria molested them. In the first two cases, Longoria waited until late and lured or carried his victims to another room where he committed lewd acts upon them. Accordingly, we cannot say that Longoria was prejudiced by the district court's denial of his motion to sever, or that the court abused its discretion in this regard.

### III.

### THE DISTRICT COURT PROPERLY EXERCISED ITS DISCRETION AT SENTENCING AND IN RELINQUISHING JURISDICTION

Longoria argues that the district court abused its discretion by imposing concurrent sentences of ten years with three years fixed upon his convictions for lewd conduct with a minor child under sixteen years of age and relinquishing jurisdiction rather than placing him on probation.

### A. Excessive Sentence

■ Where a sentence is within the statutory limits, the appellant bears the burden of demonstrating that it is a clear abuse of discretion. *State v. Hedger*, 115 Idaho 598, 604, 768 P.2d 1331, 1337 (1989). A sentence may constitute a clear abuse of discretion if it is unreasonable upon the facts of the case. *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992). A sentence is reasonable if at the time of imposition it appears necessary to achieve "the primary objective of protecting society and to achieve any or all of the related goals of deterrence,

rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). Where an appellant asserts that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record and focus upon the nature of the offense and the character of the offender. *State v. Hernandez*, 121 Idaho 114, 118, 822 P.2d 1011, 1015 (Ct.App.1991).

■ For the purpose of sentencing review, this Court considers the minimum period of incarceration to be the probable measure of confinement. *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App. 1989). Longoria's minimum period of confinement is three years. Accordingly, he must demonstrate that imposition of this three-year period was an abuse of the district court's discretion. Upon conviction for lewd conduct with a minor, I.C. § 18–1508 provides for a term of imprisonment of not more than life. The facts of the two charges of lewd conduct with a minor are set forth above. Longoria molested his daughter's friends during sleepovers at his home.

■ We note that Longoria has failed to include in the record on appeal the PSI and the Jurisdictional Review Committee reports. The sentencing transcript reflects that the PSI included information that Longoria has an extensive misdemeanor criminal record, failed to complete the pre-sentencing sex offender evaluation and psychological test, is self-centered and manipulative without being mentally ill, and is uncooperative and violent. As set forth above, these missing documents must be presumed to support the action of the trial court. *Kugler*, 119 Idaho at 690, 809 P.2d at 1169. We also presume that the characterization of the PSI and attachments in the sentencing transcript is correct.

The sentencing court explained that it considered protection of society of paramount importance. Based upon the facts and circumstances of Longoria's offenses and his character and history as presented at the sentencing hearing, the trial court concluded that a three-year fixed term of incarceration

---

5. At oral argument, counsel for Longoria *conceded* that Longoria would not be prejudiced by non-severance if the evidence on each count were admissible on the other counts.

was necessary for the protection of society. The court concluded that Longoria was not a good candidate for probation, given Longoria's uncooperative nature, but retained jurisdiction to give him the opportunity to obtain a sex offender evaluation.

Accordingly, we cannot say that the district court abused its discretion, and we affirm the sentence as imposed.

## B. Relinquishment Of Jurisdiction

 The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Aspeytia*, 130 Idaho 12, 20, 936 P.2d 210, 218 (Ct.App.1997), *citing State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981).

Again, Longoria has failed to include the Jurisdictional Review Committee report in the record on appeal. The transcript of the rider review hearing reflects that the Jurisdictional Review Committee report contained information that Longoria was rude to the staff at North Idaho Correctional Institution (N.I.C.I.), uncooperative, obnoxious, and denied that he was guilty of child molestation. Due to his denial of guilt, Longoria was precluded from participating in the sex offender counseling group at N.I.C.I. The report recommended that jurisdiction be relinquished in this case. On appeal, we presume that the characterization of this document is correct and that it supports the court's decision.

The district court concluded that given his denial of guilt, his obnoxious behavior towards the N.I.C.I. psychologist and staff and his resistance to treatment, Longoria was not a good candidate for probation. Based upon this record, there is no indication that the court abused its discretion in relinquishing jurisdiction over Longoria.

## IV.

### CONCLUSION

We hold that the district court did not abuse its discretion in denying Longoria's motion for a mental evaluation and his motion to sever. Likewise, the court did not abuse its discretion in sentencing Longoria and in relinquishing retained jurisdiction. Accordingly, Longoria's convictions and concurrent terms of ten years with three years fixed for the two counts lewd conduct with a minor under sixteen, and a concurrent term of five years with one year fixed for sexual abuse of a child under the age of sixteen, are affirmed.

Judge LANSING, and Judge Pro Tem SMITH, concur.