**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35403**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **2010 Opinion No. 69** |
| Plaintiff-Respondent, ) | |
| ) | **Filed: October 25, 2010** |
| v. ) | |
| ) | **Stephen W. Kenyon, Clerk** |
| MATTHEW W. HANSON, ) | |
| ) | |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Michael E. Wetherell, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of three years, for aggravated assault, affirmed in part, vacated in part, and remanded; order denying I.C.R. 35 motion for reduction of sentence, vacated.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant. Diane M. Walker argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

WALTERS, Judge Pro Tem

Matthew W. Hanson appeals from his judgment of conviction and unified sentence of five years, with a minimum period of confinement of three years, for aggravated assault. Hanson also appeals from the district court's order denying his I.C.R. 35 motion to reconsider his sentence. Specifically, Hanson challenges the district court's refusal to grant psychological and competency evaluations prior to imposing sentence. For the reasons set forth below, we affirm in part and vacate in part Hanson's judgment of conviction and vacate the district court's order denying Hanson's Rule 35 motion. Hanson's case is remanded for resentencing.

**I.**

**FACTS AND PROCEDURE**

During a conversation at a bar, Hanson pulled two hunting knives on a man and threatened to kill him. Hanson was arrested and charged with aggravated assault. I.C. §§ 18-901

1

and 18-905(b). The Elmore County Jail log reveals that, while Hanson was incarcerated awaiting trial, he exhibited erratic and volatile behavior. On each of ten days, from July 19-29, 2007, Hanson refused to eat at least one and oftentimes all of his meals. Hanson stated that he was on a hunger strike because the people serving him food had bad attitudes. On July 19, jail staff installed a camera in Hanson's cell so they could observe him better. On July 21, jail staff requested Hanson undergo a mental evaluation, but Hanson refused to participate. On July 23, after rising from bed, Hanson was seen swaying in his cell. He fell twice, presumably from lack of food. On July 24, Hanson was transported to the hospital and thereafter began taking an unspecified medication.

On August 10, Hanson requested that all his food be passed to him through the bean slot because he required that his door remain closed at all times. When jail staff refused to comply with his request, Hanson threw his tray against his cell door spraying food around his cell and into the hallway beyond. For twelve days, from August 10-22, Hanson again refused at least one and often all of his meals. On August 20 Hanson returned his bed sheet with a message written on it with dirt. On August 22, after twelve days without food, Hanson again refused medical treatment. On August 24, Hanson called jail personnel complaining that his cell was too hot and threatened that, if the ventilation was not turned on, he would smear feces all over his cell. Hanson's erratic behavior continued from September 2007 to March 2008. Hanson refused daily recreation sixty-seven times, and was often unresponsive to jail authorities. The jail log reveals that after days without incident, Hanson would suddenly become abusive, make threats to jail personnel, throw his food on the floor, and trash his cell.

After a jury trial, Hanson was found guilty of aggravated assault. Several sentencing hearings were held in Hanson's case. At the first sentencing hearing, Hanson informed the district court that he would exercise his Fifth Amendment right against self-incrimination and would not participate in a presentence investigation report (PSI). Despite Hanson's lack of participation, a PSI was prepared that included his criminal history, his Elmore County Jail log, and a 1982 PSI and inmate records that were obtained from the Utah Department of Corrections. The Utah PSI revealed that Hanson had a history of psychological problems including a childhood history of bullying other children and torturing animals, a juvenile psychological evaluation and treatment by an Idaho mental hospital, and several failed suicide attempts.

2

At the second sentencing hearing, Hanson requested that the district court order a psychological evaluation pursuant to I.C. § 19-2522. The district court denied Hanson's request for a psychological evaluation, reasoning that Hanson could not invoke his Fifth Amendment right against self-incrimination with regard to the PSI and subsequently waive that right so as to participate in a psychological evaluation. The district court further reasoned that a psychological evaluation was not necessary because it did not believe that the additional information provided by a psychological evaluation would be helpful at sentencing.

During the third sentencing hearing, Hanson's counsel requested that Hanson undergo a competency evaluation pursuant to I.C. § 18-210 because of counsel's difficulty communicating with his client and because of Hanson's refusal to participate in the PSI. The district court denied the request for a competency evaluation, reasoning that Hanson had demonstrated that he understood the proceedings against him and was able to assist in his own defense.

The district court sentenced Hanson to a unified term of five years, with a minimum period of confinement of three years. The district court also ordered that Hanson undergo a psychological evaluation and treatment, as well as anger management and therapeutic community programs while incarcerated in the state penitentiary. Based on the district court's imposition of a sentence without ordering competency or psychological evaluations, Hanson filed a motion to reconsider his sentence. The district court denied Hanson's motion. Hanson appeals.

## II.

## ANALYSIS

The decision to order a competency evaluation under I.C. § 18-210 and a psychological evaluation under I.C. § 19-2522 is left to the discretion of the trial court. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

**A.**     **Competency Evaluation**

Hanson argues that the district court abused its discretion by denying his counsel's request for a competency evaluation.  The decision whether reasonable grounds exist to order a mental evaluation to determine a defendant's competence to stand trial is left to the discretion of the trial court.  *State v. Longoria*, 133 Idaho 819, 822, 992 P.2d 1219, 1222 (Ct. App. 1999).  Absent a clear abuse of discretion, the trial court's decision not to order a mental competency evaluation will be upheld on appeal.  *Id.*

Idaho Code Section 18-211(1) provides, in part:

> Whenever there is reason to doubt the defendant's fitness to proceed as set forth in section 18-210, Idaho Code, the court shall appoint at least one (1) qualified psychiatrist or licensed psychologist or shall request the director of the department of health and welfare to designate at least one (1) qualified psychiatrist or licensed psychologist to examine and report upon the mental condition of the defendant to assist counsel with defense or understand the proceedings. . . .

Idaho law provides that no person who lacks the capacity to assist counsel or understand the proceedings against him or her shall be tried, convicted, sentenced, or punished during the period of incompetence.  I.C. § 18-210.  Competency to stand trial is a two-pronged test.  A defendant must be competent to both understand the proceedings and assist in his or her own defense. I.C. § 18-210; *Longoria*, 133 Idaho at 822, 992 P.2d at 1222.  Hanson concedes that only the second prong is at issue.

Hanson claims that the district court abused its discretion because it failed to make a finding as to whether he was capable of assisting in his own defense.  Hanson's contention is belied by the record.  In this case, a competency evaluation was not requested until the third sentencing hearing.  Hanson's counsel told the district court:

> My concern is this:  I think and this doesn't have anything to do with aggravation or mitigation on the underlying case.  But I believe a competency evaluation should be performed so that we can make a determination as to why is he not participating in the pre-sentence report separate and apart from aggravation and mitigation.
> . . . .
> But I know I have a very difficult time communicating with him and just for that purpose alone I would like to see a competency evaluation done so that I can address that with him and come back and say he is competent.  I think I can get him to participate in a pre-sentence investigation.  If they say he is incompetent, I think it might shed some light why he is not participating.

4

The district court denied counsel's request, reasoning:

> In this particular case, the Court notes that defendant has been through trial, the defendant was found guilty of the crime of aggravated assault following trial. The defendant was able to express his concerns with regard to [trial counsel] representing him in the sentencing phase of this proceeding. . . . And the defendant was perfectly capable of writing letters relating to issues concerning due process and his concerns relating to the legal process.
>
> So the Court believes that, absent some statement other than counsel's concerns, that the defendant is competent to proceed, understands the nature of the charges against him and the potential consequences which can occur in these proceedings and has in fact addressed them.

As the sentencing transcript reveals, counsel's request for a competency evaluation was not based on an assertion that Hanson was unable to assist in his own defense. Counsel requested a competency evaluation because he had difficulty communicating with Hanson and because counsel thought an evaluation would shed light on why Hanson refused to participate in the PSI. Such assertions, without more, were insufficient to demonstrate that Hanson was unable to assist in his own defense. The mere fact that a defendant does not heed counsel's advice and is uncooperative does not automatically demonstrate incompetence to stand trial. *Longoria*, 133 Idaho at 823, 992 P.2d at 1223. In addition, the district court found that Hanson had been an active participant in the proceedings against him by making arguments about his right to effective representation, due process, and to other issues relating to the legal process. Therefore, because it permissibly found that Hanson was able to assist in his own defense, the district court did not abuse its discretion by denying counsel's request for a competency evaluation.

B.     **Psychological Evaluation**

Hanson also argues that the court abused its discretion by denying his request for a psychological evaluation for sentencing. The determination whether to obtain a psychological evaluation lies within the sentencing court's discretion. I.C. § 19-2522(1); I.C.R. 32(d); *State v. Jones*, 132 Idaho 439, 442, 974 P.2d 85, 88 (Ct. App. 1999). The legal standards governing the court's decision whether to order a psychological evaluation and report are contained in I.C. § 19-2522. Pursuant to I.C. § 19-2522(1), if there is reason to believe that the mental condition of the defendant will be a significant factor at sentencing and for good cause shown, the sentencing court must appoint a psychiatrist or licensed psychologist to examine and report upon the defendant's mental condition.

Previous decisions indicate that even if there is reason to believe the defendant's mental condition will be a significant factor at sentencing, the court nonetheless may deny a request for a new evaluation if the information contained in existing reports satisfies the requirements of I.C. § 19-2522(3). *State v. McFarland*, 125 Idaho 876, 879, 876 P.2d 158, 161 (Ct. App. 1994). Accordingly, we will uphold the district court's failure to order a psychological evaluation if the record supports a finding that there was no reason to believe a defendant's mental condition would be a significant factor at sentencing or if the information already before the court adequately met the requirements of I.C. § 19-2522(3). *Id.*

The district court denied Hanson's request for a psychological evaluation because it held that Hanson could not invoke his Fifth Amendment right against self-incrimination with regard to the PSI and subsequently waive that right so as to participate in a psychological evaluation. The issue of whether a defendant can invoke his or her Fifth Amendment right against self-incrimination with regard to a PSI but then waive it with regard to a psychological evaluation is one of first impression in Idaho.[1]

Waiver of the Fifth Amendment right against self-incrimination arises most often in the context of trial testimony. If a witness testifies voluntarily, he or she waives the right against self-incrimination with regard to the subject matter of his or her testimony. *Mitchell v. United States*, 526 U.S. 314, 321 (1999); *see also State v. Rauch*, 144 Idaho 682, 685, 168 P.3d 1029, 1032 (Ct. App. 2007). Having once waived his or her right against self-incrimination, a witness may not later invoke it when cross-examined on the subject matter to which he or she voluntarily testified. *Mitchell,* 526 U.S. at 321. The *Mitchell* Court noted that the "justifications for the rule of waiver in the testimonial context are evident: A witness may not pick and choose what aspects of a particular subject to discuss without casting doubt on the trustworthiness of the statements and diminishing the integrity of the factual inquiry." *Id*. at 322.

A defendant's right against self-incrimination extends to his or her participation in a psychological evaluation conducted for sentencing purposes. *Estrada v. State*, 143 Idaho 558, 564, 149 P.3d 833, 839 (2006). The policy concerns expressed by the *Mitchell* Court, however, do not apply with equal force in the context of sentencing evaluations. Unlike in the trial testimony context, there is little concern that information gathered when a defendant participates

---

[1] This Court was unable to locate law in Idaho or any other jurisdiction that directly addressed this issue.

in a psychological evaluation but not in a PSI will be untrustworthy. A witness is prevented from waiving and then reinvoking his or her right against self-incrimination when the voluntary testimony and the cross-examination cover the same subject matter. This policy prevents a witness from highlighting favorable information while hiding unfavorable information. A PSI and psychological evaluation, however, cover different subject matter and serve different purposes. *Compare* I.C.R. 32 *with* I.C. § 19-2522. A PSI provides information about the defendant's educational, employment, financial and health background, as well as his or her prior criminal activity, social history, and familial relationships. *See* I.C.R. 32. A psychological evaluation, on the other hand, provides information about the defendant's mental condition, the risk of danger the defendant poses to the public at large, and the effectiveness of any possible psychological treatments. *See* I.C. § 19-2522. Because the PSI and psychological evaluation cover different subject matter, there is less danger that a defendant will use his or her right against self-incrimination as a tool with which to manipulate the system by selecting which information on a certain subject the court will have access to.

There is little concern that the integrity of the sentencing proceedings would be undermined. When a psychological evaluation is ordered, the state has the opportunity to address the contents of the evaluation and to provide arguments to persuade the court why the contents of the evaluation should or should not mitigate the defendant's sentence. The district court is also free to place the weight it deems appropriate on the evaluation's contents. These procedural opportunities for weighing and evaluating the psychological evaluation ensure that the integrity of the sentencing proceedings will be preserved even if the defendant has chosen not to participate in the PSI. Accordingly, there is no reason to limit a defendant's ability to invoke his or her Fifth Amendment right against self-incrimination with regard to a PSI and subsequently waive it with regard to a psychological evaluation. Therefore, the district court erred in denying Hanson's request for a psychological evaluation on the basis that he was precluded from doing so by his exercise of his right against self-incrimination with regard to the PSI.

The district court also denied Hanson's request for a psychological evaluation because it concluded that a psychological evaluation would be useless, even if ordered. The district court assumed that, because Hanson refused to discuss his background for the PSI, he would also refuse to discuss his background for the psychological evaluation. The district court's denial of

Hanson's request for a psychological evaluation on this basis was premature. While Hanson clearly refused to discuss his background with the PSI investigator, he represented to the district court that he was willing to provide information for a psychological evaluation. As this Court previously noted, just because a defendant might refuse to cooperate in a psychological evaluation does not mean that the district court should not order that a psychological evaluation be conducted. *State v. Banbury*, 145 Idaho 265, 270, 178 P.3d 630, 635 (Ct. App. 2007). To the contrary, I.C. § 19-2522(1) clearly states that, whenever there is reason to believe that the mental condition of the defendant will be a significant factor at sentencing, the sentencing court must order a psychological exam.

There was sufficient evidence before the district court to create a reason to believe that Hanson's mental condition would be a significant factor at sentencing. Via the PSI that was prepared without Hanson's participation, the district court had access to Hanson's criminal history, the Elmore County Jail log, and the 1982 PSI and inmate records from the Utah Department of Corrections. The district court was aware of the erratic and volatile behaviors Hanson exhibited at the Elmore County Jail, as well as Hanson's history of mental problems and suicide attempts. Hanson's long-term refusals to eat and take daily recreation, his threats of smearing feces around his cell, and his previous suicide attempts were sufficient to create a reason to believe that his mental condition would be a significant factor at sentencing. At Hanson's final sentencing hearing, the district court recognized that Hanson needed psychological treatment and expressly stated that his mental state was a factor in the case. Additionally, when sentencing Hanson the district court specifically ordered that he undergo a psychological evaluation and that he be placed in a mental health facility at the Idaho State Penitentiary should one ever be built. The record in this case supports a finding that there was reason to believe that Hanson's mental condition would be a significant factor at sentencing. Therefore, the district court abused its discretion by failing to order a psychological evaluation under I.C. § 19-2522.

Because we conclude that the district court abused its discretion by failing to grant Hanson's request for a psychological evaluation, the case must be remanded for further proceedings which shall include conducting a psychological evaluation as requested by Hanson. Once that evaluation has been conducted and a report provided to the district court, then Hanson shall be resentenced. Of course, under existing precedent, Hanson may not utilize his expert's

psychological evaluation in the new sentencing proceeding if he refuses to participate in a psychological evaluation sought by the state as a part of the resentencing process. *See Buchanan v. Kentucky*, 483 U.S. 402, 422-23 (1987); *State v. Payne*, 146 Idaho 548, 571-72, 199 P.3d 123, 146-47 (2008).

## C.     Rule 35 Motion

Hanson claims that the district court abused its discretion by denying his Rule 35 motion for reconsideration of his sentence. Because we have concluded that the district court erred in failing to order a psychological evaluation for sentencing, the issue concerning Hanson's Rule 35 motion for reconsideration is moot.

## III.

## CONCLUSION

The district court did not err in denying Hanson's counsel's request for a competency evaluation because the district court correctly determined that Hanson was able to assist in his own defense. The district court did err, however, in denying Hanson's request for a psychological evaluation for purposes of sentencing. The district court was incorrect in holding that Hanson could not invoke his Fifth Amendment right against self-incrimination with regard to the PSI and subsequently waive that right with regard to the psychological evaluation. In addition, the district court abused its discretion by refusing to order the psychological evaluation because there was sufficient evidence to create a reason to believe that Hanson's mental health would be a significant factor at sentencing. For these reasons, we affirm in part and vacate in part Hanson's judgment of conviction and remand his case for resentencing. Because Hanson's sentence is being vacated, we also vacate the district court's order denying Hanson's Rule 35 motion for reconsideration.

Chief Judge LANSING and Judge GRATTON, **CONCUR.**