**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 43293/43294**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Opinion No. 16S** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  February 27, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JOSE LUIS SANCHEZ,** | ) | **SUBSTITUTE OPINION** |
| | ) | **THE COURT'S PRIOR OPINION** |
| **Defendant-Appellant.** | ) | **DATED FEBRUARY 17, 2017,** |
| | ) | **IS HEREBY WITHDRAWN** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County.  Hon. Jon J. Shindurling, District Judge.

Judgment of conviction for two counts of sexual abuse of a child under the age of sixteen years and three counts of lewd conduct with a child under sixteen, <u>vacated</u>; judgment of conviction for two counts of lewd conduct with a child under sixteen, <u>vacated</u>; and <u>cases remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Jose Luis Sanchez appeals from his judgments of conviction for two counts of sexual abuse of a child under the age of sixteen years and five counts of lewd conduct with a child under sixteen involving two different victims.  Specifically, Sanchez argues his convictions should be vacated because (1) the district court improperly joined the offenses against the two victims; (2) the State committed misconduct by allowing its witness to comment about Sanchez's invocation of his right to counsel; and (3) the impact of such cumulative errors was not harmless.  For the reasons set forth below, we vacate and remand.

1

# I.

# FACTUAL AND PROCEDURAL BACKGROUND

In 2014, the State charged Sanchez with three counts of lewd conduct with a child, Idaho Code § 18-1508, and two counts of sexual abuse of a child, I.C. § 18-1506, for offenses Sanchez allegedly committed against an eight-year-old female, J.C., in 2006. The five counts alleged that this conduct occurred between April 1 and June 30, 2006.

After the preliminary hearing in that case, another female came forward with allegations of sexual abuse by Sanchez. The State then charged Sanchez in a separate case with two counts of lewd conduct with a child and one count of sexual abuse of a child for offenses Sanchez allegedly committed against a different eight-year-old female victim, T.C., in 2006. The five counts alleged that this conduct occurred between April 17 and June 12, 2006.

The State then filed a "motion to consolidate" the cases for the purpose of a joint trial on the basis that the charges arose "from the same time period and factual situations." The State also argued that Sanchez would not be unduly burdened by the consolidation of the cases and that joinder would best serve the interests of judicial efficiency. The district court held a hearing on the motion, at which time Sanchez raised his objection. At the conclusion of the hearing, the district court requested additional briefing from the parties regarding the joinder motion. In its briefing, the State argued that the charges should be tried together pursuant to Idaho Criminal Rule 8(a) because they constituted parts of a common scheme or plan. After reviewing the record and considering the parties' arguments, the district court granted the State's motion.

Prior to trial, the State moved to dismiss the sexual abuse of a minor charge against T.C., which the court granted. The matter proceeded to a jury trial. Ultimately, the jury convicted Sanchez of three counts of lewd conduct with a child and two counts of sexual abuse of a child as against victim J.C. and two counts of lewd conduct with a child as against victim T.C. Sanchez timely appeals.

# II.

# ANALYSIS

Sanchez first argues that the district court erred in granting the State's motion to join the charged offenses against two different victims into a single trial. Whether a lower court properly joined offenses pursuant to I.C.R. 8(a) is a question of law over which we exercise free review. *State v. Field*, 144 Idaho 559, 564, 165 P.3d 273, 278 (2007). A court may order two or more

2

complaints, indictments, or informations to be tried together if the offenses "could have been joined in a single complaint, indictment or information." I.C.R. 13. Two or more offenses may be joined in a single complaint, indictment, or information if they "are based on the same act or transaction or on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan." I.C.R. 8(a). Because a charging document may not contain all of the facts necessary for making a decision whether joinder complies with I.C.R. 8, the trial court may also have to consider information outside the charging documents. *State v. Orellana-Castro*, 158 Idaho 757, 760, 351 P.3d 1215, 1218 (2015). However, in reviewing whether initial joinder was proper, the appellate court considers what was alleged by the State, not what the proof at trial ultimately showed. *Field*, 144 Idaho at 565, 165 P.3d at 279.

Here, the State alleged that joinder was proper because the offenses constituted parts of a common scheme or plan. The Idaho Supreme Court case *Orellana-Castro* provides guidance as to the proper analytical framework for determining whether offenses are part of a common scheme or plan. In *Orellana-Castro*, the State charged a defendant in a single information with sexually abusing his two stepdaughters. *Id.* at 759, 351 P.3d at 1217. Prior to trial, the defendant filed a motion to sever the offenses against the younger victim from those against the older victim, which the district court denied. *Id.* On appeal, the Court noted that on a motion to sever, which is properly reviewed under an abuse of discretion standard, the first issue for the district court to resolve is whether joinder was permissible under I.C.R. 8. *Orellana-Castro*, 158 Idaho at 760, 351 P.3d at 1218. The Court held that the district court failed to conduct the proper analysis in determining whether joinder was permissible, thus the court abused its discretion. *Id.* at 762, 351 P.3d at 1220.

*Orellana-Castro* instructs us that the proper analysis in determining whether joinder is permissible requires consideration of the standards set forth in *State v. Grist*, 147 Idaho 49, 205 P.3d 1185 (2009) and *State v. Johnson*, 148 Idaho 664, 227 P.3d 918 (2010). *Orellana-Castro*, at 762, 351 P.3d at 1220. Although both *Grist* and *Johnson* addressed the admissibility of evidence under Idaho Rule of Evidence 404(b) and not the permissibility of joinder, these cases hold that trial courts must closely scrutinize whether evidence of other bad acts truly demonstrates the existence of a common scheme or plan. *See Johnson*, 148 Idaho at 668-69, 227 P.3d at 922-23; *Grist*, 147 Idaho at 54-55, 205 P.3d at 1190-91. "[A]t a minimum, there must be evidence of a common scheme or plan beyond the bare fact that sexual misconduct has occurred

3

with children in the past." *Johnson*, 148 Idaho at 668, 227 P.3d at 922. The events of a common scheme or plan "must be linked by common characteristics that go beyond merely showing a criminal propensity and instead must objectively tend to establish that the same person committed all the acts." *Id.* Essentially, "a common scheme or plan must embrace the commission of two or more crimes *so related to each other* that proof of one tends to establish the other." *Orellana-Castro*, 158 Idaho at 762, 351 P.3d at 1220.

The Court in *Orellana-Castro* went on to discuss three Idaho Supreme Court cases relevant to the inquiry into whether various sexual abuse charges are sufficiently similar to constitute evidence of a common scheme or plan. First, in *State v. Schwartzmiller*, 107 Idaho 89, 685 P.2d 830 (1984), the Court held that the district court properly joined the charges of sexual abuse against two different fourteen-year-old male victims into a single trial. *Id.* at 93, 685 P.2d at 834. The Court reasoned that, although the acts took place at different times and with different people, the facts demonstrated that the defendant had a common plan. *Id.* The Court explained that the defendant "frequents areas where young boys may be found, befriends boys with no father figure in the home, entices them from their homes, lowers their natural inhibitions through the use of drugs and alcohol, and commits sex acts upon them. *Id.* Given these similarities, the Court affirmed the joinder on the basis of common scheme or plan. *Id.*

Then in *Field*, the Court held that facts alleged by the State were insufficient to demonstrate a common plan or scheme. *Field*, 144 Idaho at 566, 165 P.3d at 280. There, the district court granted the State's motion to join the charge of lewd conduct against a seven-year-old victim from 2003 with the charge of sexual battery against a seventeen-year-old victim from 2001. *Id.* at 564, 165 P.3d at 278. The Supreme Court rejected the State's argument that the two offenses were connected as parts of the defendant's common scheme or plan to take advantage of underage females who came into his home to babysit or be babysat. *Id.* at 566, 165 P.3d at 280. The Court found it significant that the victims' ages were different, the type of sexual contact was different, and the incidents occurred two years apart. *Id.* The Court acknowledged the similarities in the case--that both girls were only temporarily in the household, the acts occurred in the defendant's home, and the abuse began with "innocent" touching--but found those similarities insufficient to prove a common scheme or plan. *Id.*

Finally, in *Johnson*, the Court again held that the facts alleged by the State were insufficient to demonstrate a common plan or scheme. *Johnson*, 148 Idaho at 669, 227 P.3d at

923. There, the defendant was charged with abusing his six or seven-year-old daughter. *Id.* at 666, 227 P.3d at 920. During trial, the district court admitted evidence of the defendant's previous, uncharged sexual conduct with his younger sister as evidence of a common scheme or plan under I.R.E. 404(b). *Id.* The State maintained that the conduct with the sister was similar to the charged offense in that "(1) both victims were about seven to eight years old; (2) both victims viewed Johnson as an 'authority figure' because he was an older brother or father; and (3) both courses of conduct involved Johnson requesting the victim to touch his penis." *Id.* at 669, 227 P.3d at 923. Acknowledging these similarities, the Supreme Court nevertheless held that the facts were insufficient to demonstrate a common scheme or plan. *Id.* The Court explained, "These similarities . . . are sadly far too unremarkable to demonstrate a 'common scheme or plan' in [the defendant's] behavior. The facts that the two victims in this case are juvenile females and that [the defendant] is a family member are precisely what make these incidents unfortunately quite ordinary." *Id.*

Because we exercise free review in determining whether joinder was proper, we consider the facts as alleged by the State in support of its joinder motion to determine if the evidence was sufficient to demonstrate a common scheme or plan. Thus, we consider the allegations contained in the charging documents as well as the arguments made by the State in its supporting brief and during the hearing. The State maintains that the offenses committed by Sanchez against the two victims had sufficient common elements that they each constituted part of a common scheme or plan. The State alleged the following common elements: (1) the acts took place in the same span of months during 2006; (2) the victims were the same age and gender; (3) the acts of abuse were very similar; and (4) the acts took place in the Sanchez family home while the victims were in the care of Sanchez and his wife.

The State contends that *State v. Longoria*, 133 Idaho 819, 992 P.2d 1219 (Ct. App. 1999) is relevant to our determination, as in that case we held that evidence of a defendant's other sexual crimes demonstrated a common scheme or plan.[1] *Id.* at 824, 992 P.2d at 1224. However, *Longoria* has since been implicitly overruled by *Orellana-Castro*, *Grist*, and *Johnson*. In those cases, the Supreme Court indicated a heightened emphasis on the scrutiny required in

---

[1] In *State v. Longoria*, 133 Idaho 819, 992 P.2d 1219 (Ct. App. 1999), we held that the facts of the defendant's charges against three victims demonstrated a common plan where the victims were around the same age and each act occurred late at night during sleepovers with the defendant's daughters. *Id.* at 825, 992 P.2d at 1225.

determining whether evidence demonstrates a common scheme or plan. Moreover, the facts of *Longoria* are strikingly similar to those in *Johnson*, where the Court held that the facts were sadly too unremarkable to demonstrate the type of commonality necessary to evidence a common scheme or plan.

Turning to the facts of this case, we conclude that joinder was improper here because, as in *Johnson* and *Field*, the similarities in the charged conduct and the victims are "far too unremarkable" to imply a common scheme or plan. As in *Johnson*, the victims were similarly aged and the acts of abuse were similar. And, as in *Field*, the acts occurred in Sanchez's home as a result of the victims being left in Sanchez's family's temporary care. Just as the Court held that these facts were insufficient to demonstrate a common scheme or plan, we also hold these similarities are insufficient to rise to the level of showing a common scheme or plan. Notably absent from the State's allegations is any indicia that Sanchez's conduct was part of a scheme or plan. Unlike *Schwartzmiller*, where the defendant took affirmative steps to select and entice his victims, Sanchez's conduct more accurately evidences an opportunistic tendency that is unfortunately entirely unremarkable in sexual abuse cases. Because the evidence alleged by the State did not extend beyond merely showing a criminal propensity to opportunistically abuse young females entrusted to Sanchez's family's care, we conclude that joinder of the offenses against the two victims was improper.

Having found error in the joinder of the charges, the potential exists that the jury heard inadmissible evidence. Thus, we turn our inquiry into whether this error necessitates a new trial. Where a defendant has shown error, reversal is appropriate unless the appellate court is convinced beyond a reasonable doubt that the violation did not contribute to the jury's verdict. *State v. Perry*, 150 Idaho 209, 227-28, 245 P.3d 961, 979-80 (2010). Any error will be deemed harmless if the court is able to say beyond a reasonable doubt that the result of the trial would have been the same if the error had not occurred. *State v. Almaraz*, 154 Idaho 584, 598, 301 P.3d 242, 256 (2013). The State has the burden of demonstrating beyond a reasonable doubt that such error was harmless. *State v. Thomas*, 157 Idaho 916, 919, 342 P.3d 628, 631 (2015).

The State first contends that even if joinder was improper because the evidence did not establish a common scheme or plan, the evidence would nevertheless have been admissible under I.R.E. 404(b) for another purpose. The State argues that because Sanchez's defense was

6

based upon inability and lack of opportunity, the evidence would have been admissible to show opportunity, intent, and lack of mistake or accident.

It is well established that evidence of other crimes, wrongs, or acts is not admissible to prove a defendant's criminal propensity. I.R.E. 404(b). However, evidence of other crimes, wrongs, or acts may be admissible for a purpose other than to show propensity, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *State v. Avila*, 137 Idaho 410, 412, 49 P.3d 1260, 1262 (Ct. App. 2002). In determining admissibility of other bad acts, the Supreme Court utilizes a two-tiered analysis. *Grist*, 147 Idaho at 52, 205 P.3d at 1188. The first tier involves the following two-part inquiry: (1) whether there is sufficient evidence to establish the other bad acts as fact; and (2) whether the other bad acts are relevant to a material disputed issue concerning the crime charged, other than propensity. *Id.* The second tier requires the balancing test under I.R.E. 403 of whether the probative value of the evidence is substantially outweighed by unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188.

Regarding the first part of the test, we assume without deciding that there was sufficient evidence to establish the other bad acts as fact. However, we are not persuaded by the State's argument that the evidence was relevant to show intent or lack of mistake or accident. As acknowledged by the State, Sanchez based his defense upon inability and lack of opportunity. He maintained that he did not commit the crimes, not that he committed them by accident or with an innocent intent. Thus, neither intent nor mistake was sufficiently at issue. *See State v. Roach*, 109 Idaho 973, 974-75, 712 P.2d 674, 675-76 (Ct. App. 1985) (holding intent not at issue where defendant claimed he did not commit the act). *C.f. State v. Ehrlick*, 158 Idaho 900, 915, 354 P.3d 462, 477 (2015) (holding intent at issue where defendant claimed he did not intend to commit the crime). We do, however, find merit in the State's contention that the evidence was probative of opportunity. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." I.R.E. 401. Certainly, evidence that Sanchez sexually abused *two* victims during the time frame that he was experiencing a significant hand injury--and during periods where he and his wife were tasked with babysitting--has a tendency to show a probability that he had sufficient opportunity to commit the crime. *See State v. Gomez*, 151 Idaho 146, 155, 254 P.3d 47, 56 (Ct. App. 2011).

7

However, concluding that the evidence is relevant to show opportunity does not end our inquiry. Under the second part of the test, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." I.R.E. 403. Evidence is not unfairly prejudicial simply because it is damaging to a defendant's case. *State v. Floyd*, 125 Idaho 651, 654, 873 P.2d 905, 908 (Ct. App. 1994). Evidence is unfairly prejudicial when it suggests a decision on an improper basis. *State v. Ruiz*, 150 Idaho 469, 471, 248 P.3d 720, 722 (2010). Specific to child sexual abuse cases, the Idaho Supreme Court has noted that the admission of other sexual abuse evidence carries a significant risk that jurors will act on a "belief that sexual deviancy is a character trait of especially powerful probative value for predicting a defendant's behavior." *Field*, 144 Idaho at 569-70, 165 P.3d at 283-84.

In *Grist*, the Supreme Court acknowledged the substantial influence of character evidence, stating:

> The prejudicial effect of [character evidence] is that it induces the jury to believe the accused is more likely to have committed the crime on trial because he is a man of criminal character. Character evidence, therefore, takes the jury away from their primary consideration of the guilt or innocence of the particular crime on trial. The drafters of I.R.E. 404(b) were careful to guard against the admission of evidence that would unduly prejudice the defendant, while still allowing the prosecution to present probative evidence.

*Grist*, 147 Idaho at 52, 205 P.3d at 1188 (internal quotations and citations omitted). Then, in *State v. Pokorney*, 149 Idaho 459, 235 P.3d 409 (Ct. App. 2010), this Court relied upon *Johnson* in concluding that the trial court abused its discretion by admitting evidence of prior sexual misconduct. We stated:

> The Supreme Court, in *Johnson*, determined that the prior bad act evidence was irrelevant and did not, therefore, engage in a Rule 403 analysis. However, the *Johnson* Court did conduct a harmless error analysis and the Court's discussion of prejudice is instructive. In *Johnson*, the evidence of his crime was limited to the testimony from his daughter. There was no physical evidence and the case hinged on the daughter's testimony. Thus, the testimony from Johnson's sister and father that he committed prior bad acts against his sister had an especially high risk of infecting the trial. Even though the trial court gave a limiting instruction for the sister's and father's testimonies, the Court found the error was not harmless. The Court stated: "Evidence of prior sexual misconduct with young children is so prejudicial that there is a reasonable possibility this error contributed to Johnson's conviction." Admitting such propensity evidence may reflect the unstated belief that sexual deviancy is a character trait of especially powerful probative value for predicting a defendant's behavior. The danger is too great in this sex-abuse case

8

that the jury may have believed the prior misconduct demonstrated Mr. Johnson's deviant character traits.

*Pokorney*, 149 Idaho at 465-66, 235 P.3d at 415-16.

Here, similar to *Johnson*, there was no physical evidence corroborating either victim's testimony. Had each victim's claims been tried separately, the outcome of each case would have hinged entirely on the jury finding that particular victim's testimony credible. Just as the *Johnson* Court acknowledged, additional testimony from another sexually abused child would have carried an especially high risk of infecting the trial by artificially enhancing the victim's credibility. *See Orellana-Castro*, 158 Idaho at 763, 351 P.3d at 1221 ("The existence of two accusers would enhance their credibility."). Despite the probative value of the evidence of an additional victim to demonstrate opportunity, the overwhelming *effect* of the evidence would have emphasized Sanchez's propensity to commit sex crimes. Therefore, we conclude that the prejudicial nature of the evidence substantially outweighed its probative value. The evidence would not have been otherwise admissible pursuant to I.R.E. 404(b) to prove opportunity.

Finally, the State contends that the jury would have reached the same result absent the error because of the instructions given to the jury. The State draws attention to the fact that the jury was instructed (1) on the presumption of innocence; (2) on the standard of proof beyond a reasonable doubt; (3) to follow the instructions as given; and (4) to decide each count separately on the evidence and law that applies to it, uninfluenced by the decision on any other count. Even assuming that the jury followed the instructions as given, these instructions do not eliminate the prejudice caused by the improper joinder. *See Orellana-Castro*, 158 Idaho at 762, 351 P.3d at 1220 (holding that instructing the jury to consider each count separately was insufficient to alleviate prejudice from improper joinder). Thus, we are not persuaded that the instructions given to the jury rendered the prejudice caused by the improper joinder harmless. The State has failed to meet its burden of showing that the error of improper joinder was harmless beyond a reasonable doubt.

In sum, the district court erred in granting the State's motion to join the charges of sexual abuse against the two victims because the facts were insufficient to demonstrate a common scheme or plan. Moreover, the State did not meet its burden of showing that the jury would have reached the same result absent the error. Because the improper joinder of the charges was not

9

harmless, Sanchez must be granted a new trial. We need not address his arguments regarding the purported prosecutorial misconduct or cumulative error.[2]

## III.

## CONCLUSION

The district court erred in granting the State's motion to join the charges of the two separate victims. This error was not harmless. Accordingly, we vacate the judgments of conviction and remand for further proceedings in the district court.

Judge MELANSON and Judge HUSKEY **CONCUR**.

---

[2] We note that, generally, the State may not comment on a defendant's invocation of his or her right to silence. *See Griffin v. California*, 380 U.S. 609, 613-14 (1965); *State v. Ellington*, 151 Idaho 53, 60, 253 P.3d 727, 734 (2011).