873 P.2d 905

STATE of Idaho, Plaintiff–Respondent,

v.

James A. FLOYD, Defendant–Appellant.

No. 20294.

Court of Appeals of Idaho.

March 10, 1994.

Petition for Review Denied June 2, 1994.

Edgar R. Frachiseur, Mountain Home, for defendant-appellant.

Larry EchoHawk, Atty. Gen. and Michael A. Henderson, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

PERRY, Judge.

James Floyd appeals from the judgment of conviction entered against him after he was tried by a jury and found guilty of rape and second degree kidnapping. He was sentenced to two concurrent terms of incarceration of two to ten years. For the reasons expressed below, we affirm the judgment of conviction and the concurrent sentences.

In early February 1992, Floyd was charged with rape, first degree kidnapping and two counts of infamous crime against nature. The victim, V.L., reported to the investigating officers that Floyd, under the pretext of taking V.L. to meet a former boyfriend who wanted to talk with her, drove V.L. to a desolate location. He stopped his vehicle and forced V.L. to perform fellatio and to have sexual intercourse with him under the threat that he would abandon her there in the snow at three o'clock in the morning. Upon reporting the incident, V.L. initially spoke briefly with Detective McCallum at the hospital. Later, she had two, more detailed interviews with Detective Berry. All three conversations were recorded on tape.

Floyd also agreed to give a statement to Detective Berry, which was taken in the driveway outside of Floyd's residence in Detective Berry's vehicle. After advising Floyd of his *Miranda* rights, Detective Berry tape-recorded Floyd's statement. In his statement, Floyd related the conversations he and V.L. had on the night in question. He described, in crude language, the sexual acts in which he and V.L. had engaged. Floyd adamantly maintained, however, that V.L. had gone with him voluntarily and that the sexual relations were consensual.

Floyd's statement was redacted by the district court as a result of two pretrial rulings. The district court ruled that references to prior rape allegations against Floyd were not to be brought up at trial. Further, in re-

sponse to a motion in limine, the district court ruled inadmissible any reference to a request by Detective Berry that Floyd submit to a polygraph test. The mini-cassette tape containing Floyd's original statement was edited in accordance with the rulings of the district court. Floyd's statement was copied onto a standard-size cassette (Exhibit 14), which the state sought to admit at trial.

The district court, over the objection of the defense, admitted Exhibit 14. On one side was Floyd's edited statement. On the other side was V.L.'s second statement to Detective Berry, dated January 30, 1991, which originally had also been recorded on a mini-cassette. Neither of the mini-cassettes containing the original statements was ever offered or admitted into evidence. The jury returned verdicts of guilty on the rape charge and for second degree kidnapping and a not guilty verdict on the infamous crime against nature offense.[1] Floyd appeals his conviction on the rape and kidnapping charges.

I.

ADMISSION OF FLOYD'S STATEMENT

Floyd first asserts that the district court erred in admitting into evidence the edited tape recording of his statement to Detective Berry. Floyd contends that the statement was not relevant because it was not inculpatory. Floyd also argues that Detective Berry could have testified to the facts contained in the statement. He further submits that the statement, which was filled with vulgarity, was inflammatory and, as such, was more prejudicial than probative. Finally, Floyd argues that the admission of his statement impermissibly revealed character evidence of an extremely unfavorable nature.

 We examine the district court's decision to admit Floyd's edited tape-recorded statement to determine whether it was properly held to be: (1) relevant under I.R.E. 401 and (2) more probative than prejudicial under I.R.E. 403. The question whether Floyd's properly *Mirandized* statement is relevant is a question of law over which we

exercise free review. *State v. Raudebaugh*, 124 Idaho 758, 864 P.2d 596 (1993). As to the decision whether to admit evidence once the evidence is determined to be relevant, we review the trial court's ruling pursuant to the three-step abuse of discretion standard set forth in *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). *Id.* Our inquiry, therefore, is whether the trial court correctly perceived the issue as one of discretion, whether the trial court acted within the bounds of that discretion and consistently with applicable legal standards, and whether the trial court's decision was founded on and guided by an exercise of judicial reasoning. *State v. Hedger, supra; Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 803 P.2d 993 (1991).

[3] If evidence is not relevant, it is not admissible. *See* I.R.E. 402. In order to be relevant, the evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." I.R.E. 401. The state urged that Floyd's statement was relevant to whether V.L. had given her consent to the sexual encounter, which was the only element of proof in controversy on the rape count. Clearly, the statement, consisting of Floyd's detailed version of the events of January 30, 1991, was relevant as his admission that the alleged sexual encounter had taken place. Floyd's statement corroborates V.L.'s testimony of certain statements Floyd had made to her, from which V.L. determined that she had no choice but to accede to his sexual demands. As conveyed to Detective Berry, Floyd said that he had told V.L., "I'd hate to drive all this way up for nothing and him not be up here ... it'd be nice if you give me a piece of ass." Floyd also said, "If you don't want to be around me you can leave anytime you want." Floyd even stated that, after they had sex, V.L. said to him something to the effect that "she was afraid I might kill her." Therefore, Floyd's statement addresses whether V.L. consented to or was forced into the sexual encounter. The statement was also relevant to the credibility of the respective parties.

1. The second infamous crime against nature

count was dismissed prior to trial.

We conclude that the statement was relevant to the prosecution of Floyd for rape and was, therefore, admissible under I.R.E. 401.

▋ Idaho Rule of Evidence 403, however, allows that evidence, although relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence. To prevail on the Rule 403 issue, Floyd must show not only that the danger of unfair prejudice posed by his sexually explicit and vulgar language substantially outweighed the statements' probative value, but also that the district court abused its discretion in striking the balance in favor of admission. *See U.S. v. Ranney*, 719 F.2d 1183, 1188 (1st Cir.1983).

▋ Rule 403 does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to the party's case. The rule protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis. *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir.1981). The fact that Floyd's choice of words in his statement were crude, vulgar and potentially offensive to a jury is not in and of itself sufficient reason to exclude Floyd's uncoerced statement to law enforcement investigators. "Certainly that evidence was prejudicial to the defendant, however, almost all evidence in a criminal trial is demonstrably admitted to prove the case of the state, and thus results in prejudice to a defendant." *State v. Leavitt*, 116 Idaho 285, 290, 775 P.2d 599, 604 (1989). As to Floyd's argument that the state could have elicited the same information through Detective Berry's testimony, we conclude that the state is not obligated to present evidence which has a lesser impact. *Id., quoting State v. Rolle*, 221 Or. 428, 351 P.2d 422 (1960).

▋ In considering to admit Floyd's statement over counsel's objection, the district court was required to determine whether the evidence was more probative than prejudicial. I.R.E. 403. This it did not do. The record indicates that the district court did not listen to the tape and, therefore, could not have performed the balancing test set forth in I.R.E. 403. It was, therefore, error for the district court to admit the tape without first determining whether its contents were more probative than prejudicial.

▋ Our review, however, does not end here. Floyd must show that the district court's failure to properly perform its role resulted in a ruling that affected a substantial right. I.R.E. 103. Upon the urging of Floyd's counsel at oral argument, this Court listened to and reviewed Floyd's statement independently of the district court's action. Having done so, we conclude that the only proper result that could have been reached by the district court would have been to allow its admission. The tape's content is so clearly probative and lacking in unfair prejudice, that we conclude it would have been an abuse of discretion by the district court to exclude Floyd's statement. Though we do not condone the practice followed by the district court in this particular case, Floyd's statement was probative, and the district court did not commit reversible error in ruling in favor of its admission.

▋ Lastly, Floyd's statement and its vulgarity is not evidence of some "other crimes, wrongs or acts," but is direct evidence of the rape charge. The statement is not I.R.E. 404(b) evidence, and is, therefore, admissible even if it presents Floyd in an unflattering light. We reject Floyd's argument to exclude the statement as inadmissible character evidence covered by I.R.E. 404(b).

II.

## ADMISSION OF V.L.'S TAPED INTERVIEW AS REBUTTAL EVIDENCE

Floyd alleges that the admission by the district court of the tape-recorded interview of V.L. by Detective Berry was error. Floyd submits that the tape recording was improper rebuttal, which did not explain or rebut any previous trial testimony, but which was needlessly cumulative so as to unfairly prejudice his case.

The standard of review of a trial court's decision regarding the admission of evidence in rebuttal is one of deference to the trial court. *See State v. Olsen*, 103 Idaho 278, 647 P.2d 734 (1982); *State v. Gish*, 87 Idaho 341, 393 P.2d 342 (1964); *State v. Orr*, 53 Idaho 452, 24 P.2d 679 (1933). Rebuttal evidence is evidence which explains, repels, counteracts, or disproves evidence which has been introduced by or on behalf of the adverse party. *State v. Sorrell*, 116 Idaho 966, 968, 783 P.2d 305, 307 (Ct.App.1989).

During the state's case in chief, Detective Berry testified that he had twice interviewed V.L. and that he was also fully aware of the contents of V.L.'s initial interview with Detective McCallum at the hospital. Detective Berry denied that there were any inconsistencies between V.L.'s initial interview with Detective McCallum and the two interviews that he had conducted. V.L. testified to the sequence of events of the night in question leading to the rape and kidnapping charges. V.L. also answered questions regarding what information she had disclosed in her various interviews with Detectives McCallum and Berry.

The defense called Detective McCallum to testify in an attempt to show that V.L.'s trial testimony differed from the accounts she had given initially. In response, Detective Berry was recalled by the state as a rebuttal witness. Through his rebuttal testimony, and particularly by the admission of his taped interview with V.L., the state sought to dispel the suggestion of inconsistency in V.L.'s statements raised by the testimony of Detective McCallum. We conclude that the tape recording of V.L.'s interview served to explain the scope of her interview with Detective Berry, which the jury could then have compared to the interview with Detective McCallum (Exhibit 24) and to her trial testimony. We conclude that the district court acted within its discretion in allowing Detective Berry to be recalled to testify in regard to a matter which the defense claimed was not strictly rebuttal. *See State v. Mushrow*, 32 Idaho 562, 185 P. 1075 (1919). On the basis of our review of the record, we conclude that the district court did not err by admitting the tape-recorded interview between Detective Berry and V.L.

Upon our independent review, we hold that Floyd's statement was relevant evidence. We find no abuse of the district court's discretion either in the admission of Floyd's tape-recorded statement or of V.L.'s tape-recorded interview of January 30, 1991, with Detective Berry. Therefore, we affirm the judgment of conviction and the sentences imposed.

WALTERS, C.J., and LANSING, J., concur.