Judge LANSING,
concurring in the result.
I concur in the majority opinion’s analysis and resolution of the vindictive sentencing issue, but I cannot agree that the district court acted correctly in precluding impeachment of a prosecution witness with that witness’s conviction for grand theft.
The witness, J.M.O.’s brother, testified for the State that he once saw Grist licking J.M.O.’s chest when she was ten years old and the witness was about seven. The district court disallowed impeachment evidence that this witness had been convicted of grand theft, holding that the probative value of the evidence did not outweigh its prejudicial effect on the State’s case. Thus, the question presented is whether the district court correctly weighed the evidence’s probative value against the potential prejudicial impact.
I agree with the majority’s assessment that the excluded evidence bore only minimal probative value to impeach the witness, but I can discern no counterbalancing risk of prejudice that would justify depriving the defense of whatever impeachment value the evidence carried. The Idaho appellate courts have often said that for a risk of prejudice to warrant the exclusion of relevant evidence, the prejudice must be unfair; that is, it must suggest a decision on an improper basis. See State v. Moore, 131 Idaho 814, 819, 965 P.2d 174, 179 (1998); State v. Pokorney, 149 Idaho 459, 465, 235 P.3d 409, 415 (Ct.App.2010); State v. Carlson, 134 Idaho 389, 398, 3 P.3d 67, 76 (Ct.App.2000); State v. Floyd, 125 Idaho 651, 654, 873 P.2d 905, 908 (Ct.App.1994). Evidence is not unfairly prejudicial merely because its probative value is detrimental to the opposing party. Floyd, 125 Idaho at 654, 873 P.2d at 908.
The majority opinion takes the view that the evidence of the witness’s theft conviction was excessively prejudicial because “the jury could have believed the witness was recently dishonest and, therefore, his testimony was dishonest.” That states, in substance, that the evidence was prejudicial to the prosecution because it cast doubt on the witness’s credibility — which is the very reason it is relevant in the first place. It is also the very reason that Idaho Rule of Evidence 609 permits evidence of a witness’s felony conviction for impeachment purposes. To say that evidence is unfairly prejudicial because it possesses the probative value that makes it relevant is a non sequitur. Therefore, I would hold that the trial court erred in excluding this evidence.
An error in exclusion of evidence does not necessarily warrant reversal of a conviction, however, for trial error will be deemed harmless if it can be said “beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.” Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 711 (1967); State v. Perry, 150 Idaho 209, 221, 245 P.3d 961, 973 (2010). I conclude that the error here was harmless. First, as noted above, the impeachment value of the excluded evidence was insubstantial. It would have, at most, cast doubt on the witness’s general veracity; it did not in any way actually controvert his testimony about the abuse he claimed to have observed as a young child, nor did it suggest any motive for him to present false testimony against Grist.
Second, the credibility of J.M.O.’s brother was not crucial to the State’s case. It was the jury’s assessment of J.M.O.’s credibility that ultimately determined whether Grist would be found guilty. I appreciate Grist’s argument on appeal that the brother’s testimony lent important corroboration to J.M.O.’s accusations, but the fact remains that even if the jury had completely rejected the brother’s testimony as untrue, such rejection would have given the jury no reason to similarly doubt J.M.O.’s credibility. That is, discrediting J.M.O.’s brother would not have discredited J.M.O.
Further, J.M.O.’s testimony was somewhat bolstered by that of her mother. Although J.M.O. did not report the alleged abuse to *797 authorities until some ten years after it allegedly began, her mother verified J.M.O.’s testimony that at a point early in the abuse, J.M.O. disclosed it to her mother, but her mother accepted Grist’s explanation that it had been just innocent playing and tickling.
Also bearing somewhat on J.M.O.’s credibility was the testimony of the police officer who interviewed her following her report of the abuse to authorities. This officer testified that as J.M.O. described the molestations, she became increasingly emotional and at times was sobbing. This description of her demeanor was probative of her sincerity and the actuality of the abuse.
In sum, considering the context of the entire trial, I am persuaded beyond a reasonable doubt that the district court’s error in preventing impeachment of J.M.O.’s brother with evidence of his prior theft conviction did not contribute to the verdict obtained. Therefore, I concur with the affirmance of Grist’s judgment of conviction, with modification of his sentences as directed in the majority opinion.