**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43486**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | 2017 Unpublished Opinion No. 325 |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: January 19, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CHRISTOPHER CRUZ,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Judgment of conviction for second degree murder, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Christopher Cruz appeals from his judgment of conviction for second degree murder. Specifically, Cruz argues that the district court erred in granting the State's motion in limine and allowing statements Cruz made to be admitted into evidence. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

A witness called 911 and reported that he saw Cruz shoot and kill a man and that the victim was lying next to a black car at Cruz's residence. Upon arrival at Cruz's home, the responding officers observed a black car with bullet holes and found the deceased victim under a blanket inside the car. In an interview with the officers, the witness stated that he and the victim

1

went to Cruz's residence where Cruz shot the victim. Cruz then pointed the pistol at the witness, and he heard two clicks but was not shot. After Cruz told the witness not to move and turned around to put the pistol down in the garage, the witness ran away. Cruz caught up to the witness and tackled him but he escaped. The witness ran to a nearby house to use a telephone, knocked on the door, and broke a window when there was no answer. When the witness was unable to locate a telephone in the house, the witness ran to a neighbor's house where he was able to call 911.

The responding officers verified that the witness had injuries consistent with being tackled by Cruz. The officers also went to the first home the witness entered and found the broken window, consistent with the witness's story. Officers located the pistol in Cruz's garage and recovered two spent shell casings, consistent with the make and model of the pistol. A bullet from the same kind of pistol was recovered from the deceased victim, and the coroner reported that three gunshot wounds caused the victim's death.

The State charged Cruz with first degree murder and attempted first degree murder. During an interview with law enforcement, Cruz made statements indicating he was under the influence of acid and methamphetamine when he committed the acts underlying the charges. The State later filed a motion in limine requesting admission of several statements Cruz made to his mother during recorded jail calls. The first statement included Cruz telling his mother that she needed to wait to see the evidence and see the kind of monster Cruz is inside. The second statement included Cruz telling his mother that the State would only find THC in Cruz's system and that he smoked marijuana every now and then. The district court held a hearing on the motion in limine and determined both statements were admissible at trial. Pursuant to a plea agreement, Cruz pled guilty to an amended charge of second degree murder and the remaining count was dismissed. Cruz appeals.

## II.

## STANDARD OF REVIEW

A trial court has broad discretion when ruling on a motion in limine, and we review the trial court's decision to grant or deny a motion in limine for abuse of discretion. *State v. Richardson*, 156 Idaho 524, 527, 328 P.3d 504, 507 (2014). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine

2

whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

## ANALYSIS

### A. Idaho Rule of Evidence 403

On appeal, Cruz argues that the district court abused its discretion when it ruled that Cruz's statement that he was a monster could be admitted into evidence at trial. Specifically, Cruz contends the district court erred by not excluding the statement under I.R.E. 403.[1] Rule 403 allows for the exclusion of relevant evidence if the probative value of that evidence is substantially outweighed by the danger of unfair prejudice to the defendant. The rule suggests a strong preference for admissibility of relevant evidence. *State v. Martin*, 118 Idaho 334, 340 n.3, 796 P.2d 1007, 1013 n.3 (1990). A lower court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989).

In this case, the statement consisted of the following portion of a recorded conversation between Cruz and his mother:

[CRUZ]:   Well, it just hit me today. Me and this guy were talking, and he just told me straight out truth, you know? He's not going to beat around the bush. He is going to tell me what the prosecutors think, he's going to tell me what the judge thinks of me and stuff like that. I told him a little bit of what happened, you know? And that's why. I know what happened too.

[CRUZ'S MOTHER]: Well, I don't believe you were there by yourself. The whole world believes what I believe, and that's because they know you. You're sticking up for somebody . . . .

[CRUZ]: Well, wait until you see the evidence. Wait till you see what kind of monster I am deep down inside.

---

[1]   Cruz does not challenge the district court's finding that Cruz's statement was relevant. Accordingly, our review is limited to whether the district court abused its discretion when it determined that the danger of unfair prejudice did not substantially outweigh the probative value of the statement.

[CRUZ'S MOTHER]: You are not a monster. Did you hear me?

In making its ruling, the district court concluded that Cruz's statement, "[W]ait until you see the evidence," was the real essence of the State's proffer and was Cruz's characterization of his actions. The district court observed that Cruz's statement that he was a monster was less important, although the statement showed consciousness of guilt. Balancing the probative value of the statement as a whole, the district court determined the statement was prejudicial (but not unfairly prejudicial) and allowed it to be admitted into evidence.

When read in a vacuum, Cruz's statement that he was a monster would have little probative value outside of establishing that Cruz viewed himself as a bad person. Out of context, the monster statement would also be unfairly prejudicial because it would suggest the jury make a decision on the basis of Cruz's characterization of himself, rather than based on the evidence. Evidence is unfairly prejudicial if it tends to suggest a decision on an improper basis. *State v. Floyd*, 125 Idaho 651, 654, 873 P.2d 905, 908 (Ct. App. 1994). However, when viewed in context, it is evident that the statement was a response to Cruz's mother's suggestion that Cruz was not guilty.

Cruz's statement referred to his actions and what he believed the evidence would show he did. Thus, the statement tended to prove Cruz's consciousness of guilt, which is a proper consideration for the jury. *See State v. Baird*, 13 Idaho 29, 31, 88 P. 233, 234 (1907). Indeed, consciousness of guilt is second only to a confession in terms of probative value. *United States v. Meling*, 47 F.3d 1546, 1557 (9th Cir. 1995); *see also Cook v. State*, 157 Idaho 775, 780, 339 P.3d 1179, 1184 (Ct. App. 2014) (noting that evidence of the defendant's consciousness of guilt was damaging to the defendant's case). Here, the statement is the near equivalent of Cruz confessing that he committed the crime and is therefore highly relevant and highly prejudicial. However, Rule 403 does not protect a defendant from any prejudicial evidence, only unfairly prejudicial evidence. *State v. Leavitt*, 116 Idaho 285, 290, 775 P.2d 599, 604 (1989). The record indicates that the district court acted within its discretion when it applied Rule 403 and determined that the danger of unfair prejudice did not substantially outweigh the probative value of the monster statement when read in context. Accordingly, the district court did not err by not excluding the monster statement under Rule 403.

**B. Idaho Rule of Evidence 404(b)**

Cruz also argues that the district court abused its discretion when it ruled that Cruz's statement of prior marijuana use could be admitted into evidence at trial. Specifically, Cruz contends that the district court erred by not articulating a nonpropensity purpose for the admission of the statement. The State argues that Cruz's statement of prior marijuana use was not evidence of propensity and therefore was not subject to I.R.E. 404(b).[2] Evidence is subject to Rule 404(b) if it bears upon a defendant's character and is not intrinsic to the crimes charged. *State v. Whitaker*, 152 Idaho 945, 949, 277 P.3d 392, 396 (Ct. App. 2012). Evidence is intrinsic when it and evidence of the crime charged are inextricably intertwined, both acts are part of a single criminal episode, or it was a necessary preliminary to the crime charged. *Id.* Evidence is inextricably intertwined when it is so interconnected with the charged offense that a complete account of the charged offense could not be given to the jury without disclosure of the uncharged misconduct. *Id.*

In this case, the statement consisted of the following statement Cruz made to his mother:

> [T]here's a lot of inconsistencies in [the witness's] story, and there's just--there's a lot of inconsistencies with me too. Well, I pretty much said pretty much the truth, but I justified all my actions. Like, I said I was under the influence at first. But they have all my blood anyway, so they could do the test that I wasn't on methamphetamines, or I didn't have it in my blood system or other different types of drugs besides THC. But I admitted to that, I smoke pot every now and then sometimes. It's no big deal.

Cruz's statement can be broken down into two key components. First, Cruz said that the State had obtained a blood sample and would only find THC in Cruz's system, contrary to what he initially told the State. Second, Cruz said that he sometimes used marijuana. With respect to the first component regarding Cruz's blood, the statement did not bear on his character and instead corroborated information the State possessed. Thus, the first component of Cruz's statement was not character evidence subject to Rule 404(b).

---

[2]     The State also asserts that Cruz failed to preserve the issue for appeal because he acquiesced to the district court's ruling regarding Cruz's statement of prior marijuana use. At the motion hearing however, Cruz argued that the district court should analyze the statement under Rule 404(b). Moreover, Cruz's reserved his right to appeal the district court's grant of the State's motion in limine. Accordingly, Cruz preserved the issue for appeal.

With respect to the second component regarding Cruz's marijuana use, it is evident that the State intended to use it to impeach Cruz because it conflicted with his initial statement to officers. Although marijuana use may generally bear on Cruz's character, it was not being introduced to establish that Cruz acted in accordance with that character trait. Therefore, it is not character evidence subject to Rule 404(b).

Even if the second component were character evidence, its admission would be harmless because the State possessed information that Cruz had THC in his system, as he admitted in the first component of his statement. Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). Where a defendant meets his or her initial burden of showing that a constitutional violation has occurred, the State has the burden of demonstrating to the appellate court beyond a reasonable doubt that the violation did not contribute to the jury's verdict. *State v. Perry*, 150 Idaho 209, 227-28, 245 P.3d 961, 979-80 (2010). Because Cruz pled guilty, we do not have the benefit of knowing what evidence would have been presented at trial and what effect that evidence may have had on a jury. However, this Court has analyzed whether an error is harmless in the context of a plea agreement. *See State v. Rutherford*, 107 Idaho 910, 916, 693 P.2d 1112, 1118 (Ct. App. 1985) (finding the State's breach of a plea agreement was not harmless because the Court could not say the State's promise had no effect on the defendant's decision to plead guilty). Moreover, the Idaho Supreme Court has held that, where the admissible evidence provides beyond a reasonable doubt overwhelming and conclusive proof of a defendant's guilt, the admission of tainted evidence will be held to be harmless error. *State v. LePage*, 102 Idaho 387, 398, 630 P.2d 674, 682 (1981).

The record in this case abounds with admissible evidence suggesting Cruz was guilty of the crimes with which he was charged. For example, the deceased victim's body was located in a car parked in Cruz's driveway. The pistol described by the witness was located in Cruz's garage, near spent shell casings that matched the pistol. The victim's death was caused by gunshot wounds from bullets matching the pistol and shell casings recovered at Cruz's property. The witness had injuries consistent with being tackled by Cruz, as the witness described. Cruz

6

was arrested in Texas, which suggests he fled.[3] Additionally, the alleged Rule 403 statement is highly probative of Cruz's consciousness of guilt. Beyond a reasonable doubt, in light of the State possessing Cruz's blood sample and all other evidence against Cruz, the potential admission of his statement regarding prior marijuana use did not affect his decision to plead guilty. Moreover, Cruz's alleged Rule 404(b) statement--given the circumstances surrounding the charges and the other evidence against Cruz--would not subject him to unfair prejudice even if the case went to trial. Additionally, since the first part of the statement was admissible and contained an acknowledgement by Cruz that he had THC in his body, the second statement that he smoked marijuana (leading to THC in his body) added nothing and, therefore, was not independently prejudicial. Thus, even if the second component of Cruz's statement of prior marijuana use was propensity evidence, it was harmless for the district court to not articulate a nonpropensity purpose for the evidence.

## IV.

## CONCLUSION

The district court did not abuse its discretion by not excluding the alleged Rule 403 statement. Likewise, the district court did not abuse its discretion by not articulating a nonpropensity purpose for admission of the alleged Rule 404(b) statement. Even if the district court erred by not articulating a nonpropensity purpose for admission of the alleged Rule 404(b) statement, that error was harmless. Thus, the district court correctly granted the State's motion in limine. Accordingly, Cruz's judgment of conviction for second degree murder is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

---

[3] Evidence of escape or flight is probative of consciousness of guilt. *See State v. Passons*, 158 Idaho 286, 292, 346 P.3d 303, 309 (Ct. App. 2015).