# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 42671-2014

STATE OF IDAHO,

   Plaintiff/Respondent,

v.

MARVIN ORELLANA-CASTRO,

   Defendant/Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Boise, May 2015 Term

2015 Opinion No. 58

Filed: June 23, 2015

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, in and for Jerome County.  Hon. John K. Butler, District Judge.

The judgment of the district court is <u>vacated</u>.

Elizabeth A. Allred, Deputy State Appellate Public Defender, Boise, argued for appellant.

John C. McKinney, Deputy Attorney General, Boise, argued for respondent.

EISMANN, Justice.

This is an appeal out of Jerome County from a judgment of conviction following a jury trial in which the defendant was found guilty of sexually abusing his two minor stepdaughters. Because the district court erred in denying the Defendant's motion to try the charges regarding each stepdaughter separately and the State has failed to show that such error was harmless, we vacate the judgment and remand this case for further proceedings.

## I.
## Factual Background.

On December 7, 2011, an information was filed charging Marvin Orellana-Castro with unlawful sexual contact with his two stepdaughters.  He was charged with two counts of lewd conduct and two counts of sexual abuse regarding the older girl, who was thirteen and fourteen years old at the time of the alleged crimes, and he was charged with two counts of sexual abuse

with respect to the younger girl, who was eleven and twelve years of age at the time of the alleged crimes.

Prior to trial, Defendant moved to sever the charges regarding the younger girl from the charges regarding the older girl on the grounds that they occurred at different times and places, were totally unrelated, and were not part of a common scheme or plan. The district court held that there was sufficient evidence to show that the alleged sex abuse crimes regarding the two girls were all part of a common scheme or plan because the two girls were very close in age, both girls alleged abuse that occurred in the family home, and the alleged abuse all occurred during the period of 2010 to 2011.

In July 2012, the criminal charges regarding both girls were tried to a jury. The State offered evidence from a board-certified psychiatrist and a licensed clinical social worker, both of whom testified that the older girl was suffering from post-traumatic stress disorder (PTSD). The psychiatrist testified that it was not clear whether the PTSD was from witnessing Defendant physically abuse her mother or from being the victim of sexual abuse. The social worker testified that the PTSD was related to the report of sexual abuse by Defendant and that no other trauma was reported to him. The State also called a witness who was licensed as a therapist and a clinical professional counselor and who worked with sex offenders and victims of sexual abuse. He saw the older girl about fifteen times and testified that her acting out behaviors were consistent with having been sexually abused. On cross-examination, he testified that the girl's symptoms could have been caused by sexual abuse by someone other than Defendant. During Defendant's case, he sought to offer evidence that the older girl had been raped at a quinceanera party held for another girl. A man had allegedly given her a drink that caused her to lose consciousness or to be dizzy, had sexual intercourse with her while she was unaware of what he was doing, and later told her what he had done. The district court held that such evidence was not admissible under Idaho Rule of Evidence 412.

The jury returned a verdict finding Defendant guilty of two counts of sexual abuse of the older girl and of two counts of sexual abuse of the younger girl. It was unable to reach a verdict on the two counts of lewd conduct regarding the older girl. The district court sentenced Defendant on the four counts of which he was convicted, and Defendant timely appealed. In cases that come before this Court on a petition for review of a decision of the Court of Appeals,

we directly review the decision of the lower court as if the appeal initially came directly to this Court. *State v. Suriner*, 154 Idaho 81, 83, 294 P.3d 1093, 1095 (2013).

## II.
### Did the District Court Err in Denying Defendant's Motion to Sever?

In *State v. Field*, 144 Idaho 559, 165 P.3d 273 (2007), we stated:

> Whether a court improperly joined offenses pursuant to I.C.R. 8 is a question of law, over which this Court exercises free review. In contrast, an abuse of discretion standard is applied when reviewing the denial of a motion to sever joinder pursuant to I.C.R. 14; however, that rule presumes joinder was proper in the first place.

*Id*. at 564, 165 P.3d at 278.

That statement could be misconstrued as holding that the joinder of offenses could be challenged pursuant to Idaho Criminal Rule 8 even though the issue was not raised before the trial court. Such interpretation would be incorrect. "[I]t is well accepted that issues not argued before the trial court will not be considered when raised for the first time on appeal." *Farr v. Mischler*, 129 Idaho 201, 205, 923 P.2d 446, 450 (1996). Therefore, a party may not raise on appeal the issue of improper joinder unless the party raised that issue in the trial court, either by making a motion to sever or by objecting to a motion to join, whichever applies.

Criminal Rule 8 permits two or more offenses to be charged in the same complaint, indictment, or information if they are "based on the same act or transaction or on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan." I.C.R. 8(a). The initial decision to join two or more offenses in the same charging document is usually made by the prosecuting attorney in preparing the complaint to initiate criminal proceedings or in making a presentation to a grand jury. In this case, the complaint filed to initiate criminal proceedings alleged one count of lewd conduct committed against the older girl. The State later filed an amended complaint adding the three other charges allegedly committed against the older girl and the two counts allegedly committed against the younger girl.

After Defendant was bound over to answer in the district court and the information was filed, he moved to sever the offenses allegedly committed against the younger girl from the offenses allegedly committed against the older girl. In his memorandum supporting the motion, Defendant argued that the offenses allegedly committed against both girls were not part of a

3

common scheme or plan and that the evidence admissible regarding the offenses allegedly committed against one girl would not be admissible under Evidence Rule 404(b) regarding the offenses allegedly committed against the other girl.

When an objection to joinder of offenses or defendants is made, the first issue for the trial court is whether joinder is permissible under Criminal Rule 8. Often, that cannot be determined from the face of the charging document. Joinder of offenses is permissible "if the offenses charged, whether felonies or misdemeanors or both, are based on the same act or transaction or on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan." I.C.R. 8(a). Joinder of defendants is permissible "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." I.C.R. 8(b). However, whether those circumstances are applicable may not be determinable from the face of the charging document(s) because the statutes and rules governing the content of charging documents only require, in essence, a written statement of the essential facts showing the commission of a public offense. *See* I.C. §§ 19-505, 19-1303, 19-1304, 19-1409, 19-1410, 19-1411, 19-3901; I.C.R. 3, I.C.R. 7. Therefore, the trial court will have to consider information other than contained in the charging document(s) to determine whether joinder complies with Rule 8.

In addition, Idaho Criminal Rule 14 provides that if either the State or a defendant is prejudiced by the joinder of offenses or defendants, "the court may order the state to elect between counts, grant separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires." I.C.R. 14. When the defendant moves for severance under Criminal Rule 14, the alleged prejudice is often that evidence of the defendant's conduct which would be admissible in the prosecution of one offense would not be admissible under Evidence Rule 404(b) in the prosecution of the other offense if it were tried separately. In that circumstance, the analysis is the same as to whether the offenses are part of a common scheme or plan permitting joinder under Criminal Rule 8(a) and whether the defendant would be prejudiced by joinder because the offenses were not part of a common scheme or plan under Evidence Rule 404(b). Both of those decisions are reviewed on appeal under an abuse of discretion standard. *State v. Pepcorn*, 152 Idaho 678, 690, 273 P.3d 1271, 1283 (2012) (admissibility of evidence under Evidence Rule 404(b)); *State v. Dambrell*, 120 Idaho 532, 537, 817 P.2d 646, 651 (1991) (denial of motion to sever).

In this case, Defendant argued that the offenses allegedly committed against both girls were not part of a common scheme or plan and that the evidence admissible regarding the offenses allegedly committed against one girl would not be admissible under Evidence Rule 404(b) regarding the offenses allegedly committed against the other girl. In denying the motion to sever, the district court held that the facts of this case were more closely related to *State v. Schwartzmiller*, 107 Idaho 89, 685 P.2d 830 (1984), in which joinder of charges relating to two victims was upheld, than *State v. Field*, 144 Idaho 559, 165 P.3d 273 (2007), in which joinder of charges relating to two victims was found improper.

In *Schwartzmiller*, the defendant was convicted of sexually molesting two fourteen-year-old boys. The Court held that the offenses were properly joined because the facts demonstrated a common plan. The Court explained that "Schwartzmiller frequents areas where young boys may be found, befriends boys with no father figure in the home, entices them from their homes, lowers their natural inhibitions through the use of drugs and alcohol, and commits sex acts upon them." 107 Idaho at 93, 685 P.2d at 834. None of those facts are similar to the facts of this case. It was not asserted that Defendant frequented places where young girls could be found, befriended girls with no father figure in the home, enticed them from their homes, or lowered their natural inhibitions through the use of drugs or alcohol.

In *Field*, the defendant was convicted of lewd conduct for manual-vaginal contact with a seven-year-old girl who was staying at his home while her mother was out of town and of sexual abuse for rubbing the buttocks of a seventeen-year-old girl who was house-sitting for the defendant and babysitting his stepdaughter. The offenses were committed two years apart. The Court held that the trial court erred in granting the State's motion to join the offenses, stating, "The similarities that both girls were only temporarily in the household, that the acts occurred in Field's home, and that the abuse began with 'innocent' touching are insufficient to prove a common scheme or plan." 144 Idaho at 566-67, 165 P.3d at 280-81.

Neither the facts in *Schwartzmiller* nor those in *Field* are similar to the facts in this case, although the facts in *Field* are more similar than are the facts in *Schwartzmiller*. A more relevant case is *State v. Grist*, 147 Idaho 49, 205 P.3d 1185 (2009), in which the defendant was found guilty of ten offenses for sexually abusing his live-in girlfriend's daughter beginning when she was ten years old and ending when she graduated from high school. *Id.* at 50-51, 163 P.3d at 1186-87. He would have her sit on his lap while he rubbed his pelvis against her. As she grew

older the abuse progressed to touching her breasts, buttocks, and vagina and to having her undress for him. *Id*. During the trial, the district court permitted the State to offer evidence that the defendant had sexually abused his ex-wife's daughter in a similar way. The daughter testified that she lived with the defendant from age eight to age thirteen and that he would have her sit on his lap or lay and cuddle with him, during which time he would touch her breasts and buttocks. This Court held that evidence of a defendant's other bad acts "may be admissible 'if relevant to prove . . . a common scheme or plan embracing the commission of two or more crimes *so related to each other* that proof of one tends to establish the other.' " *Id*. at 54-55, 205 P.3d at 1190-91. This Court cautioned the trial courts that "they must carefully examine evidence offered for the purpose of demonstrating the existence of a common scheme or plan in order to the [sic] determine whether the requisite relationship exists." *Id*. at 55, 205 P.3d at 1191. This Court vacated the judgment of conviction in *Grist* and remanded the case because the trial court had not conducted the proper analysis regarding the admissibility of the evidence. *Id*.

The following year, this Court again vacated a conviction for sexually abusing a young girl where the trial court had permitted evidence of other alleged misconduct by the defendant under the rubric of a common scheme or plan. In *State v. Johnson*, 148 Idaho 664, 227 P.3d 918 (2010), the defendant was found guilty of two counts of lewd conduct for sexually abusing his daughter who at the time was between six and seven years of age. *Id*. at 666, 227 P.3d at 920. During the trial, the State was permitted to offer evidence that when the defendant was between fifteen and sixteen years old, he had sexually abused his eight-year-old sister. *Id*. In addressing whether the evidence regarding the defendant's younger sister was admissible, this Court stated that "at a minimum, there must be evidence of a common scheme or plan beyond the bare fact that sexual misconduct has occurred with children in the past." *Id*. at 668, 227 P.3d at 922. This Court explained, "The events must be linked by common characteristics that go beyond merely showing a criminal propensity and instead must objectively tend to establish that the same person committed all the acts." *Id*.

In *Johnson*, the trial court found a common scheme or plan because: "(1) both victims were about seven to eight years old; (2) both victims viewed Johnson as an 'authority figure' because he was an older brother or father; (3) both courses of conduct involved Johnson requesting the victim to touch his penis." *Id*. at 669, 227 P.3d at 923. This Court held such similarities were insufficient, stating: "These similarities, however, are sadly far too

6

unremarkable to demonstrate a 'common scheme or plan' in Johnson's behavior. The facts that the two victims in this case are juvenile females and that Johnson is a family member are precisely what make these incidents unfortunately quite ordinary." *Id*.

In the instant case, the district court found that the evidence was sufficient to show a common scheme or plan because: (a) the two girls were step-daughters of Defendant; (b) they were close in age; (c) they both alleged having been abused in the home; and (d) the alleged incidents of abuse occurred during a two-year period. The court noted that the alleged sexual abuse committed upon the two girls was different in that the alleged abuse regarding the older girl involved genital contact while the alleged abuse regarding the younger girl involved touching, but that difference was insufficient to indicate a lack of a common scheme or plan.

As stated above, the district court's decision to deny severance is reviewed under an abuse of discretion standard. In making a determination of whether a trial court abused its discretion, this Court considers: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Rockeller v. Grabow*, 139 Idaho 539, 545, 82 P.3d 450, 457 (2003).

In this case, the district court did not conduct the analysis that in *Grist* and *Johnson* we stated was required—a common scheme or plan must embrace the commission of two or more crimes *so related to each other* that proof of one tends to establish the other. The court did not even mention those two cases. The court also did not identify what it contended was Defendant's common scheme or plan. Because the court did not conduct the analysis required in *Grist* and *Johnson*, it did not act consistent with the applicable legal standards and therefore abused its discretion in denying the motion to sever.

The district court stated, and the State argues on appeal, that any prejudice caused by the failure to sever would be alleviated by instructing the jury to decide each count separately on the law and the evidence that applies to it and not to be influenced by their decision as to any other count. At the conclusion of the trial, the court instructed the jury as follows: "Each count charges a separate and distinct offense. You must decide each count separately on the evidence and the law that applies to it uninfluenced by your decision as to any other count. The defendant may be found guilty or not guilty of any or all of the offenses charged."

7

That instruction is insufficient to alleviate the prejudice from improper joinder. "The State has the burden of demonstrating beyond a reasonable doubt that such error was harmless." *State v. Thomas*, 157 Idaho 916, 919, 342 P.3d 628, 631 (2015). In this case, there was no physical evidence corroborating the girls' testimony. The risk from improper joinder in this case was that evidence regarding one girl would convince the jury that Defendant had a propensity to engage in sexual molestation when evaluating the evidence regarding the other girl or her credibility. The existence of two accusers would enhance their credibility. The instruction did not address that issue. Even an instruction stating that the jury was not to consider such evidence as probative of Defendant's criminal propensity would have been insufficient. In *State v. Johnson*, such a limiting instruction was given, but we held that it alone could not always prevent an error from prejudicing the defendant. 148 Idaho at 670, 227 P.3d at 924. "Evidence of prior sexual misconduct with young children is so prejudicial that there is a reasonable possibility this error contributed to [Defendant's] conviction. . . . [A]dmitting such propensity evidence may reflect 'the unstated belief that sexual deviancy is a character trait of especially powerful probative value for predicting a defendant's behavior.' " *Id*.

As we stated in *Grist*, "We once again caution the trial courts of this state that they must carefully examine evidence offered for the purpose of demonstrating the existence of a common scheme or plan in order to the [sic] determine whether the requisite relationship exists." 147 Idaho at 55, 205 P.3d at 1191. Trial courts must realize that following the law as set forth in *Grist* and in *Johnson* will prevent the alleged victims from having to go through a trial a second time.

### III.
### Did the District Court Err in Excluding Evidence of a Prior Rape of the Older Girl?

As mentioned above, the State offered expert testimony that the older girl was suffering from PTSD as a result of having been sexually abused by Defendant. During the trial, Defendant sought to offer evidence of the older girl having been raped at the quinceanera party.[1] The district court ruled that the evidence was inadmissible. Defendant challenges that ruling on appeal. Because the case must be retried, we will address that alleged error.

---

[1] The State did not object on the ground that Defendant had failed to comply with Evidence Rule 412(c), so the district court did not address whether the requirements of that rule were met.

8

As a general rule, in a criminal case in which the defendant is accused of a sex crime, evidence of the victim's prior sexual behavior is inadmissible. I.R.E. 412. Defendant argued to the district court that evidence of the rape was admissible under the exception for evidence of "past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury." I.R.E. 412(b)(2)(A). He contended that "injury" under the rule would include emotional trauma and that evidence of her being raped at the quinceanera party was relevant to show that such incident was the source of her PTSD. The district court held that the word "injury" meant a physical injury, not emotional trauma, and it denied admission of the evidence.

The wording of the Rule of Evidence 412 is the same as the original version of the federal rule, which used the words "the source of semen or injury." 92 Stat. 2046 (1978). In *United States v. Shaw*, 824 F.2d 601 (8th Cir. 1987), the Eighth Circuit stated with respect to the federal rule that the common understanding of the word "injury" meant a physical consequence. *Id.* at 607. We agree. Therefore, the district court did not err in denying admission of the evidence on the ground stated. We express no opinion as to whether the evidence would be admissible under subsection (b)(1) of the rule.


## IV.
## Conclusion.

We vacate the judgment and remand this case for further proceedings that are consistent with this opinion.


Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**