**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 43718 & 43719**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Opinion No. 37** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 30, 2017** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **EDWARD L. COMER,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Order granting consolidation, <u>reversed</u>; judgments of conviction, <u>vacated</u> and cases <u>remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Edward L. Comer appeals from his judgments of conviction entered upon jury verdicts finding him guilty of three counts of sexual abuse of a child under the age of sixteen involving two different victims. Comer argues the district court erred by consolidating the charged offenses into a single trial because the offenses against two different victims did not constitute a common scheme or plan. The State argues consolidation of the sexual abuse charges was appropriate given the common elements, circumstances, and ages of the victims. Even if there was error, the State contends any such error was harmless because the district court previously ruled that evidence of the victims' abuse was admissible in separate trials under Idaho Rule of Evidence 404(b). We reverse the district court's order granting the State's motion to consolidate and vacate Comer's judgments of conviction.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2013, the State charged Comer with two counts of sexual abuse of a child under the age of sixteen years, Idaho Code § 18-1506(1)(b). Count I alleged that Comer committed sexual abuse by touching and/or poking the breasts of an eleven-year-old female, K.F. Count II alleged that Comer committed sexual abuse by touching and/or poking the vagina of K.F. K.F. alleged that during a sleepover at S.S.'s house, S.S.'s uncle, Comer, approached K.F. from behind while she was working on a puzzle. K.F. stated Comer put his hands under her shirt and touched her breasts. Comer then ran his hands over K.F.'s sides and slid one hand under the front of her shorts, poking her vagina over the top of her underwear. Comer acknowledged that he may have accidentally touched K.F.'s breasts while teaching K.F. self-defense techniques, but Comer denied ever intentionally touching K.F.'s breasts or vagina.

The State filed a notice of intent pursuant to I.R.E. 404(b) to introduce testimony of S.S., Comer's ten-year-old niece, who claimed that during the same time period Comer abused K.F., Comer also touched S.S.'s breasts, buttocks, and vagina. The State asserted S.S.'s testimony was necessary to corroborate K.F.'s testimony, prove the absence of mistake, and demonstrate a common scheme or plan. Comer argued S.S.'s testimony was improper bad acts testimony because the probative value of the evidence was substantially outweighed by its prejudicial nature. The district court granted the State's motion, finding S.S.'s testimony was relevant because the similarities between S.S.'s and K.F.'s allegations indicated Comer had a common scheme or plan. The district court alternatively reasoned that S.S.'s testimony was relevant to demonstrate absence of mistake. The district court held the probative value of the evidence outweighed its prejudicial effects because the testimony was relevant to whether the touching was incidental or intentional and also evidenced a common scheme or plan.

In September 2014, the State charged Comer in a second case with two counts of sexual abuse of a child under the age of sixteen years, I.C. § 18-1506(1)(b). Count I alleged that Comer committed sexual abuse by touching the breasts of ten-year-old S.S. Count II alleged that Comer committed sexual abuse by touching the vagina of S.S. The State filed a notice of intent pursuant to I.R.E. 404(b) to introduce evidence of K.F.'s sexual abuse allegations in S.S.'s trial. The district court granted the motion for the same reason it granted the I.R.E. 404(b) motion in

2

K.F.'s case. S.S.'s case proceeded to trial. The jury was unable to reach a verdict on the first count of sexual abuse and acquitted Comer of the second count.

After the result in S.S.'s trial, the State moved to consolidate the remaining count in S.S.'s case and the two charges in K.F.'s case. At the hearing on the motion to consolidate, the State argued that for judicial efficiency the charges should be consolidated because all charges had the same defendant, the same witnesses, and a similar type of crime. Comer objected to consolidation, arguing:

> But to actually try the cases themselves together, I don't agree with counsel that they're similar witness, similar facts. You know, there's some general similarities, but I think specifically they are different. The witnesses are different. And I think that given the outcome of the first trial, I think it's an effort to now try and simply complicate the matter in terms of defending as to both these alleged victims in the same trial. And I think it causes an insurmountable task for the defendant to overcome what can come of that or could come of it in terms of how the jury would perceive the evidence in trying together.

Comer recognized that evidence relative to another alleged victim could be admitted in each case under I.R.E. 404(b) and argued: "So if you have 404(b) already, there's no need to consolidate." The court granted the motion to consolidate, holding:

> I do think that the best thing to do here is to consolidate these two cases. I do think it's the same witnesses. It's the same fact pattern. It's the same time, event. I'm going to let the one victim, alleged victim, testify in the other case anyway because I've already made that ruling. So I am going to consolidate the two cases.

> At the consolidated trial, jury instruction 3 provided:

> Each count charges a separate and distinct offense. You must decide each count separately on the evidence and the law that applies to it, uninfluenced by your decision as to any other count. The defendant may be found guilty or not guilty on any or all of the offenses charged.

The jury found Comer guilty of both sexual abuse charges involving K.F. and the sexual abuse charge involving S.S. The district court sentenced Comer to concurrent, unified ten-year sentences, with four years determinate, for each count and retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished jurisdiction. Comer filed a timely notice of appeal in each case.

## II.

## ANALYSIS

**A.    The District Court Erred in Granting the State's Motion to Consolidate**

Comer argues the district court erred in granting the State's motion to consolidate the charged offenses against two different victims into a single trial. Whether a lower court properly joined offenses pursuant to Idaho Criminal Rule 8(a) is a question of law over which we exercise free review. *State v. Field*, 144 Idaho 559, 564, 165 P.3d 273, 278 (2007). A court may order two or more complaints, indictments, or informations to be tried together if the offenses "could have been joined in a single complaint, indictment or information." I.C.R. 13. Two or more offenses may be joined in a single complaint, indictment, or information if they "are based on the same act or transaction or on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan." I.C.R. 8(a). Because a charging document may not contain all of the facts necessary for making a decision whether joinder complies with I.C.R. 8, it may be necessary for the trial court to consider information outside the charging documents. *State v. Orellana-Castro*, 158 Idaho 757, 760, 351 P.3d 1215, 1218 (2015). However, in reviewing whether initial joinder was proper, the appellate court considers what was alleged by the State, not what the proof at trial ultimately showed. *Field*, 144 Idaho at 565, 165 P.3d at 279.

Comer argues joinder was improper because the offenses did not constitute a common scheme or plan. Comer asserts *Orellana-Castro* sets forth the requisite analysis to determine whether joinder is proper. The State alleged that joinder was proper under the considerations articulated in *Field* because the offenses had sufficient common elements including the type of sexual abuse, the circumstances under which the abuse occurred, and the age of the victims.

*Orellana-Castro* instructs this Court that the proper analysis in determining whether joinder is permissible requires consideration of the standards set forth in *State v. Grist*, 147 Idaho 49, 205 P.3d 1185 (2009) and *State v. Johnson*, 148 Idaho 664, 227 P.3d 918 (2010). *Orellana-Castro*, 158 Idaho at 762, 351 P.3d at 1220. Although both *Grist* and *Johnson* addressed the admissibility of evidence under I.R.E. 404(b) and not the permissibility of joinder, these cases hold that trial courts must closely scrutinize whether evidence of other bad acts truly demonstrates the existence of a common scheme or plan. *See Johnson*, 148 Idaho at 668-69, 227 P.3d at 922-23; *Grist*, 147 Idaho at 54-55, 205 P.3d at 1190-91. "[A]t a minimum, there must be

4

evidence of a common scheme or plan beyond the bare fact that sexual misconduct has occurred with children in the past." *Johnson*, 148 Idaho at 668, 227 P.3d at 922. The events of a common scheme or plan "must be linked by common characteristics that go beyond merely showing a criminal propensity and instead must objectively tend to establish that the same person committed all the acts." *Id.* Essentially, "a common scheme or plan must embrace the commission of two or more crimes so related to each other that proof of one tends to establish the other." *Orellana-Castro*, 158 Idaho at 762, 351 P.3d at 1220.

The *Orellana-Castro* Court went on to discuss three Idaho Supreme Court cases relevant to the inquiry into whether various sexual abuse charges are sufficiently similar to constitute evidence of a common scheme or plan. First, in *State v. Schwartzmiller*, 107 Idaho 89, 93, 685 P.2d 830, 834 (1984), the Court held that the district court properly joined the charges of sexual abuse against two different fourteen-year-old male victims into a single trial. The Court reasoned that although the acts took place at different times and with different people, the facts demonstrated that the defendant had a common plan. *Id.* The Court explained that the defendant "frequents areas where young boys may be found, befriends boys with no father figure in the home, entices them from their homes, lowers their natural inhibitions through the use of drugs and alcohol, and commits sex acts upon them." *Id.* Given these similarities, the Court affirmed the joinder on the basis of common scheme or plan. *Id.*

In *Field*, the Court held that facts alleged by the State were insufficient to demonstrate a common plan or scheme. *Field*, 144 Idaho at 566-67, 165 P.3d at 280-81. There, the district court granted the State's motion to join a 2003 charge of lewd conduct against a seven-year-old victim with a 2001 charge of sexual battery against a seventeen-year-old victim. *Id.* at 563-64, 165 P.3d at 277-78. The Supreme Court rejected the State's argument that the two offenses were connected as parts of the defendant's common scheme or plan to take advantage of underage females who came into his home to babysit or be babysat. *Id.* at 566, 165 P.3d at 280. The Court found it significant that the victims' ages were different, the type of sexual contact was different, and the incidents occurred two years apart. *Id.* The Court acknowledged the similarities in the cases--that both girls were only temporarily in the household, the acts occurred in the defendant's home, and the abuse began with "innocent" touching--but the Court found those similarities insufficient to prove a common scheme or plan. *Id.* at 566-67, 165 P.3d at 280-81.

5

Finally, in *Johnson*, the Court again held that the facts alleged by the State were insufficient to demonstrate a common plan or scheme. *Johnson*, 148 Idaho at 669, 227 P.3d at 923. There, the defendant was charged with abusing his six or seven-year-old daughter. *Id.* at 666, 227 P.3d at 920. During trial, the district court admitted evidence of the defendant's previous, uncharged sexual conduct with his younger sister as evidence of a common scheme or plan under I.R.E. 404(b). *Id.* The State maintained that the conduct with the sister was similar to the charged offense in that: "(1) both victims were about seven to eight years old; (2) both victims viewed Johnson as an 'authority figure' because he was an older brother or father; [and] (3) both courses of conduct involved Johnson requesting the victim to touch his penis." *Id.* at 669, 227 P.3d at 923. Acknowledging these similarities, the Supreme Court nevertheless held that the facts were insufficient to demonstrate a common scheme or plan. *Id.* The Court explained: "These similarities, however, are sadly far too unremarkable to demonstrate a 'common scheme or plan' in [the defendant's] behavior. The [fact] that the two victims in this case are juvenile females and that [the defendant] is a family member are precisely what make these incidents unfortunately quite ordinary." *Id.*

Because we exercise free review in determining whether joinder was proper, we consider the facts as alleged by the State in support of its joinder motion to determine if the evidence was sufficient to demonstrate a common scheme or plan. Thus, we consider the allegations contained in the charging documents as well as the arguments made by the State during the hearing on the motion to consolidate. The State maintains that the offenses committed by Comer against the two victims had sufficient common elements which constituted part of a common scheme or plan. The State alleged the following common elements: (1) the acts took place in the same time period; (2) the victims were the same gender and of similar age; (3) the acts of abuse were very similar; and (4) the acts took place in Comer's home while the victims were in his care.

In these cases, we conclude joinder was improper because, as in *Johnson* and *Field*, the similarities in the charged conduct and the victims were too unremarkable to imply a common scheme or plan. As in *Johnson*, the victims were similarly aged and the acts of abuse were similar. And, as in *Field*, the acts occurred in Comer's home as a result of the victims being left in Comer's care. Just as the Court held that these facts were insufficient to demonstrate a common scheme or plan, we also hold these similarities are insufficient to rise to the level of showing a common scheme or plan. Unlike *Schwartzmiller*, where the defendant took

6

affirmative steps to select and entice his victims, Comer's conduct more accurately evidences an opportunistic tendency that is unfortunately entirely unremarkable in sexual abuse cases. Because the evidence alleged by the State did not extend beyond merely showing a criminal propensity to opportunistically abuse young females entrusted to Comer's care, we conclude that joinder of the offenses against the two victims was improper.

**B.      Any Error Was Not Harmless**

Having found error in the joinder of the charges, the potential exists that the jury heard inadmissible evidence. The State argues that even if the district court erred by joining the two cases, the error was harmless. Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present cases was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). Where a defendant meets his or her initial burden of showing that a constitutional violation has occurred, the State has the burden of demonstrating to the appellate court beyond a reasonable doubt that the violation did not contribute to the jury's verdict. *State v. Perry*, 150 Idaho 209, 227-28, 245 P.3d 961, 979-80 (2010).

In support of its argument, the State contends that even if joinder was improper, the error was harmless because the evidence was admissible in separate trials under I.R.E. 404(b) for the purpose of refuting Comer's claim that the touching occurred accidentally. Moreover, the State contended that there was a proper limiting instruction for the evidence in jury instruction 3, which instructed the jury that it must "decide each count separately on the evidence and the law that applies to it, uninfluenced by your decision as to any other count." Comer asserts the error was not harmless because even if the evidence was admissible in separate trials, the evidence would have been subject to I.R.E. 404(b) limitations and the jury would have been specifically instructed that the evidence was admissible only to show an absence of mistake; whereas at the joined trial the only limitation was that each count be decided separately.

The instruction to decide each count separately is insufficient to alleviate the prejudice from improper joinder. In these cases, there was no physical evidence corroborating the victims' testimony. The risk from improper joinder was that evidence regarding one victim would convince the jury that Comer had a propensity to engage in sexual abuse when evaluating the evidence regarding the other victim or her credibility. The existence of two accusers would

7

enhance their credibility. The instruction did not address that issue nor would an instruction stating that the jury was not to consider such evidence as probative of Comer's criminal propensity have been sufficient. In *Johnson*, such a limiting instruction was given but the Idaho Supreme Court held that the instruction alone could not always prevent an error from prejudicing the defendant. *Johnson*, 148 Idaho at 670, 227 P.3d at 924. The Court reasoned:

> Evidence of prior sexual misconduct with young children is so prejudicial that there is a reasonable possibility this error contributed to [Defendant's] conviction. As this Court has observed, admitting such propensity evidence may reflect "the unstated belief that sexual deviancy is a character trait of especially powerful probative value for predicting a defendant's behavior."

*Id.* Thus, we are not persuaded that the instruction given to the jury rendered the prejudice caused by the improper joinder harmless. The State has failed to meet its burden of showing that the error of improper joinder was harmless beyond a reasonable doubt.

## III.

## CONCLUSION

The district court erred in granting the State's motion to consolidate the charges of the two separate victims. This error was not harmless. Accordingly, we reverse the order of consolidation, vacate the judgments of conviction, and remand the cases to the district court for further proceedings consistent with this opinion.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.