**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45463**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 9, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| QUENTIN NAVA, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Judgment of conviction, <u>vacated</u>; and case <u>remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Quentin Nava appeals from the judgment of conviction. He argues the district court erred by denying his motion to sever the two charges in his case. The judgment of conviction is vacated, and the case is remanded for proceedings consistent with this opinion.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

At trial, J.R.R., a twelve-year-old girl, testified that she was asleep at home on a couch in the living room where Nava, her mother's friend, was also sleeping. She awoke to Nava touching, rubbing, and pushing on her vagina. J.R.R.'s twelve-year-old cousin, J.L.R., testified that the next night she slept on a couch in the same living room where Nava was again sleeping. J.L.R. awoke to the noise of her pants unsnapping and Nava sliding his hand down her pants and rubbing her buttocks. J.L.R. left the room and eventually went upstairs to tell her aunt what had

1

happened. Her aunt asked Nava to leave, and the next morning the police were contacted about J.L.R.'s allegation. During the investigation of J.L.R.'s allegation, J.R.R. told her mother that Nava had also touched her while sleeping and that allegation was reported to the police.

The State, in a single complaint, charged Nava with one count of lewd conduct with a minor under sixteen for his conduct with J.R.R. and one count of sexual abuse of a child under the age of sixteen years for his conduct with J.L.R. A grand jury returned a single indictment that included both charges.

Months later, Nava filed a "Motion to Sever for Improper Joinder Pursuant to ICR 8(a)," arguing that joinder of the charges was improper because evidence of the two offenses did not demonstrate a common scheme or plan, so trying the offenses together was prejudicial and compromised Nava's right to due process and a fair trial. The State explained that it intended to introduce evidence at trial showing grooming behaviors Nava employed with both J.R.R. and J.L.R., as well as other evidentiary similarities, to demonstrate a common scheme or plan. Nava explained he intended to introduce evidence at trial showing Nava was romantically interested in J.R.R.'s mother, not the girls, and that Nava's nephew did not see Nava act differently toward the girls than the other children. The district court found the State's proffered evidence demonstrated a common scheme or plan under Idaho Criminal Rule 8 and that Nava would not be unduly prejudiced by joinder of the charges under I.C.R. 14 because, even if the charges were severed, the evidence of both of the incidents would be admissible in each trial.

After a jury trial, Nava was convicted of both offenses, and the district court imposed an aggregate, unified sentence of forty years, with eighteen years determinate. Nava timely appealed.

## II.

## ANALYSIS

Nava argues the district court erred by denying his motion to sever the two charges because they are not part of a common scheme of plan. Nava asserts there is confusion between relevant case law about the appropriate standard of review. To resolve this confusion, Nava contends a district court's decision on an I.C.R. 14 motion to sever, which addresses the propriety of joinder for the first time, should be reviewed de novo is an I.C.R. 8 motion to join. Without de novo review for both I.C.R. 8 and I.C.R. 14 considerations, Nava argues the State receives an unfair advantage. Nava claims that if the State files charges together in its original

2

complaint, the propriety of joinder may only be challenged through an I.C.R. 14 motion to sever which is reviewed for an abuse of discretion. But instead, if the State later joins charges through an I.C.R. 8 motion, the joinder is reviewed de novo. Nava argues this distinction is unfair when the underlying analysis of both motions is whether the proffered pretrial evidence demonstrates a common scheme or plan such that evidence of one charge would be admissible in the trial on the other charge.

The State argues there is no confusion in the law concerning the review of motions to sever. The State contends that the propriety of joinder is addressed by I.C.R. 8 and decisions under that rule are reviewed de novo. The State also contends a motion to sever is addressed by I.C.R. 14 and decisions under that rule are reviewed for an abuse of discretion. Moreover, the State argues that joinder was proper under I.C.R. 8 because the charges in Nava's complaint were part of a common scheme or plan and that under I.C.R. 14, Nava was not unduly prejudiced.

## A. Motions to Sever Are Reviewed for an Abuse of Discretion; Motions to Join Are Reviewed De Novo

The language of I.C.R. 8 and I.C.R. 14 identify two different standards of review. Idaho Criminal Rule 8(a) reads:

> Two or more offenses may be charged on the same complaint, indictment or information if the offenses charged, whether felonies or misdemeanors or both, are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. The complaint, indictment or information must state a separate count for each offense.

In order to establish a common scheme or plan, two or more crimes must be "*so related to each other* that proof of one tends to establish the other." *State v. Orellana-Castro*, 158 Idaho 757, 762, 351 P.3d 1215, 1220 (2015); *State v. Joy*, 155 Idaho 1, 9, 304 P.3d 276, 284 (2013). The "events of a common scheme or plan 'must be linked by common characteristics that go beyond merely showing a criminal propensity and instead must objectively tend to establish that the same person committed all the acts.'" *State v. Sanchez*, 161 Idaho 727, 730, 390 P.3d 453, 456 (Ct. App. 2017) (quoting *State v. Johnson*, 148 Idaho 664, 668, 227 P.3d 918, 922 (2010)).

Whether joinder is permissible under I.C.R. 8 often cannot be determined from the face of the charging document because charging documents are only required to set forth the essential facts showing commission of an offense. *Orellana-Castro*, 158 Idaho at 760, 351 P.3d at 1218; *State v. Comer*, 162 Idaho 661, 663, 402 P.3d 1114, 1116 (Ct. App. 2017); *Sanchez*, 161 Idaho at

3

730, 390 P.3d at 456. "However, in reviewing whether initial joinder was proper, the appellate court considers what was alleged by the State, not what the proof at trial ultimately showed." *Comer*, 162 Idaho at 663, 402 P.3d at 1116; *Sanchez*, 161 Idaho at 730, 390 P.3d at 456; *see also State v. Field*, 144 Idaho 559, 565, 165 P.3d 273, 279 (2007).

Whether offenses are improperly joined pursuant to I.C.R. 8 is a question of law, over which this Court exercises free review. *Orellana-Castro*, 158 Idaho at 759, 351 P.3d at 1217; *Field*, 144 Idaho at 564, 165 P.3d at 278; *State v. Comer*, 162 Idaho at 663, 402 P.3d at 1116; *Sanchez*, 161 Idaho at 730, 390 P.3d at 456. This standard of review can be traced back to *State v. Anderson*, 138 Idaho 359, 361, 63 P.3d 485, 487 (Ct. App. 2003) and its citation to *United States v. Lane*, 474 U.S. 438, 449 n.12 (1986) and *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990). This Court invoked *Lane* for the proposition that the federal joinder rule is reviewed de novo and invoked *O'Neill* for the proposition that, generally, questions of law are reviewed de novo in Idaho.

Concerning motions to sever, I.C.R. 14 reads:

If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in a complaint, indictment or information, the court may order the state to elect between counts, grant separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the state to deliver to the court for inspection in camera any statements or confessions made by the defendants that the state intends to introduce in evidence at the trial.

A district court's decision under I.C.R. 14 is reviewed on appeal under an abuse of discretion standard. *Orellana-Castro*, 158 Idaho at 760, 762, 351 P.3d at 1218, 1220; *Field*, 144 Idaho at 564, 165 P.3d at 278. This standard of review can be traced back to *State v. Abel*, 104 Idaho 865, 867, 664 P.2d 772, 774 (1983) where the Idaho Supreme Court adopted the abuse of discretion standard after surveying eight states which review a district court's decision on a motion to sever for an abuse of discretion. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion, acted consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

4

Nava asserts there is confusion about the relevant standard of review because the Idaho Supreme Court listed two different standards of review in *Orellana-Castro*. Nava asserts that the Court held that review of improperly joined offenses "is a question of law, over which this Court exercises free review." *Orellana-Castro*, 158 Idaho at 759, 351 P.3d at 1217. However, the Supreme Court also held that joinder under I.C.R. 8 under the common scheme or plan theory would be reviewed under an abuse of discretion standard. *Id.* at 760, 351 P.3d at 1218. This Court does not find this to create confusion. While I.C.R. 8 motions in *Orellana-Castro* may *generally* be reviewed under a de novo standard, the Court specifically held that where joinder of charges is premised upon a common scheme or plan theory. Idaho Criminal Rule 8 motions are reviewed using an abuse of discretion standard:

> When the defendant moves for severance under Criminal Rule 14, the alleged prejudice is often that evidence of the defendant's conduct which would be admissible in the prosecution of one offense would not be admissible under Evidence Rule 404(b) in the prosecution of the other offense if it were tried separately. In that circumstance, the analysis is the same as to whether the offenses are part of a common scheme or plan permitting joinder under Criminal Rule 8(a) and whether the defendant would be prejudiced by joinder because the offenses were not part of a common scheme or plan under Evidence Rule 404(b). Both of those decisions are reviewed on appeal under an abuse of discretion standard.

*Orellana-Castro*, 158 Idaho at 760, 351 P.3d at 1218. Thus, this Court will review a district court's decision using an abuse of discretion standard of review. Thus, because the court must already use the abuse of discretion standard for the prejudice analysis in an I.C.R. 14 motion to sever, it will use that same standard to determine if joinder pursuant to I.C.R. 8 was proper.

**B.      The District Court Erred by Denying Nava's Motion to Sever**

Although I.C.R. 8 is mentioned in its caption, the parties characterize Nava's "Motion to Sever for Improper Joinder Pursuant to ICR 8(a)" as a motion to sever under I.C.R. 14. Accordingly, we review the district court's decision to deny the motion for an abuse of discretion.

Like the defendant in *Orellana-Castro*, Nava argues that if separate trials were held, J.L.R.'s testimony would not be admissible in J.R.R.'s trial under Idaho Rule of Evidence 404(b) and vice versa. As *Orellana-Castro* states, I.C.R. 14's prejudice consideration is the same as the consideration of whether the offenses are part of a common scheme or plan permitting joinder under I.C.R. 8. *Orellana-Castro*, 158 Idaho at 760, 351 P.3d at 1218.

5

The *Orellana-Castro* Court went on to discuss three Idaho Supreme Court cases relevant to the inquiry into whether various sexual abuse charges are sufficiently similar to constitute evidence of a common scheme or plan. First, in *State v. Schwartzmiller*, 107 Idaho 89, 93, 685 P.2d 830, 834 (1984), the Court held that the district court properly joined the charges of sexual abuse against two different fourteen-year-old male victims into a single trial. The Court reasoned that although the acts took place at different times and with different people, the facts demonstrated that the defendant had a common plan. *Id.* The Court explained that the defendant "frequents areas where young boys may be found, befriends boys with no father figure in the home, entices them from their homes, lowers their natural inhibitions through the use of drugs and alcohol, and commits sex acts upon them." *Id.* Given these similarities, the Court affirmed the joinder on the basis of a common scheme or plan. *Id.*

In *Field*, the Court held that facts alleged by the State were insufficient to demonstrate a common scheme or plan. *Field*, 144 Idaho at 566-67, 165 P.3d at 280-81. There, the district court granted the State's motion to join a 2003 charge of lewd conduct against a seven-year-old victim with a 2001 charge of sexual battery against a seventeen-year-old victim. *Id.* at 563-64, 165 P.3d at 277-78. The Supreme Court rejected the State's argument that the two offenses were connected as part of the defendant's common scheme or plan to take advantage of underage females who came into his home to babysit or be babysat. *Id.* at 566, 165 P.3d at 280. The Court found it significant that the victims' ages were different, the type of sexual contact was different, and the incidents occurred two years apart. *Id.* The Court acknowledged the similarities in the cases--that both girls were only temporarily in the household, the acts occurred in the defendant's home, and the abuse began with "innocent" touching--but the Court found those similarities insufficient to prove a common scheme or plan. *Id.* at 566-67, 165 P.3d at 280-81.

Finally, in *Johnson*, the Court again held that the facts alleged by the State were insufficient to demonstrate a common plan or scheme. *Johnson*, 148 Idaho at 669, 227 P.3d at 923. There, the defendant was charged with abusing his six or seven-year-old daughter. *Id.* at 666, 227 P.3d at 920. During trial, the district court admitted evidence of the defendant's previous, uncharged sexual conduct with his younger sister as evidence of a common scheme or plan under I.R.E. 404(b). *Id.* The State maintained that the conduct with the sister was similar to the charged offense in that: "(1) both victims were about seven to eight years old; (2) both

victims viewed Johnson as an 'authority figure' because he was an older brother or father; [and] (3) both courses of conduct involved Johnson requesting the victim to touch his penis." *Id.* at 669, 227 P.3d at 923. Acknowledging these similarities, the Supreme Court nevertheless held that the facts were insufficient to demonstrate a common scheme or plan. *Id.* The Court explained: "These similarities, however, are sadly far too unremarkable to demonstrate a 'common scheme or plan' in [the defendant's] behavior. The [fact] that the two victims in this case are juvenile females and that [the defendant] is a family member are precisely what make these incidents unfortunately quite ordinary." *Id.*

We consider the facts as alleged by the State in support of its objection to Nava's motion to sever to determine if the evidence was sufficient to demonstrate a common scheme or plan. We will also consider the allegations contained in the State's charging document, the arguments made by the State during the hearing on the motion to sever, and the evidence and arguments presented by Nava at the hearing. *See Orellana-Castro*, 158 Idaho at 760, 351 P.3d at 1218; *Comer*, 162 Idaho at 665, 402 P.3d at 1118; *Sanchez*, 161 Idaho at 731, 390 P.3d at 457.

The State maintains that the offenses committed by Nava against the two victims had sufficient common elements which constituted part of a common scheme or plan. The State alleged the following common elements: (1) the acts took place in the same, 48-hour time period and at the same time of night; (2) the victims were the same gender and of the same age; (3) the acts took place in J.R.R.'s living room where several other people were sleeping; and (4) Nava demonstrated grooming behaviors with J.R.R. and J.L.R, such as making inappropriate comments about their bodies and giving them preferential treatment over their siblings through gifts and special activities. Nava alleged he was romantically interested in J.R.R.'s mother, not the girls; his nephew did not see Nava act differently toward the girls than the other children; and overall, there were not sufficient facts to demonstrate a common scheme or plan.

The refusal to sever the joined charges in Nava's case was improper because, as in *Johnson* and *Field*, the similarities in the charged conduct and the victims were too unremarkable to imply a common scheme or plan. Unlike *Schwartzmiller*, where the defendant took affirmative steps to target, select, and entice his victims, Nava's conduct more accurately evidences an opportunistic tendency that is unfortunately entirely unremarkable in sexual abuse cases. There is no evidence in the record that Nava embarked upon his relationship with J.R.R.'s mother in order to abuse her twelve-year-old daughter and niece. Nor, is there any evidence that

7

proof of the abuse of J.R.R. tends to establish the abuse of J.L.R. Additionally, the proffered evidence of grooming behaviors--that Nava (1) told one of the girls, "You look cute today," commented on the other girl's breasts by expressing that men find them attractive, and told both girls of their general attractiveness; and (2) gave the girls preferential treatment over their siblings through trips to a coffee shop--does not rise to the level of targeting as shown in *Schwartzmiller*. Rather, the evidence alleged by the State did not extend beyond showing a criminal propensity to opportunistically abuse young females. As in *Field* and *Johnson*, the proffered evidence of similar age, location, and time frame are insufficient, without more, to demonstrate a common scheme or plan. Therefore, denying Nava's motion to sever was an abuse of the district court's discretion.

## C.     Any Error Was Not Harmless

Having found error in the refusal to sever the charges, the potential exists that the jury heard inadmissible evidence. The State contends that even if joinder was improper because the evidence did not establish a common scheme or plan, the evidence would nevertheless have been admissible in separate trials under I.R.E. 404(b) to show opportunity and, therefore, the error was harmless. Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present cases was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005).

It is well established that evidence of other crimes, wrongs, or acts is not admissible to prove a defendant's criminal propensity. I.R.E. 404(b). However, evidence of other crimes, wrongs, or acts may be admissible for a purpose other than to show propensity, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *State v. Avila*, 137 Idaho 410, 412, 49 P.3d 1260, 1262 (Ct. App. 2002). In determining admissibility of other bad acts, the Supreme Court utilizes a two-tiered analysis. *State v. Grist*, 147 Idaho 49, 52, 205 P.3d 1185, 1188 (2009). The first tier involves the following two-part inquiry: (1) whether there is sufficient evidence to establish the other bad acts as fact; and (2) whether the other bad acts are relevant to a material disputed issue concerning the crime charged, other than propensity. *Id.* The second tier requires the balancing

8

test under I.R.E. 403 of whether the probative value of the evidence is substantially outweighed by unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188.

At the hearing on Nava's motion to sever, the State argued that Nava put the matter of opportunity at issue when Nava told an officer "he did not understand how this incident could have occurred since there were so many people there that had anything happened, everyone would have woken up." The State argued that the victims' testimonies would be probative of the veracity of Nava's statement denying opportunity and thereby would be admissible if the victims were to have separate trials.

We agree that although the State's proffered evidence was not admissible to show a common scheme or plan, it was probative of opportunity. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." I.R.E. 401. Evidence that Nava, while sleeping in the living room at J.R.R.'s home, sexually abused one victim each night even when he was surrounded by other sleeping people in that room, may show a probability that he had sufficient opportunity to commit the crime. *See State v. Gomez*, 151 Idaho 146, 155, 254 P.3d 47, 56 (Ct. App. 2011).

However, concluding that the evidence is relevant to show opportunity does not end our inquiry. Under the second part of the test, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." I.R.E. 403. Evidence is not unfairly prejudicial simply because it is damaging to a defendant's case. *State v. Floyd*, 125 Idaho 651, 654, 873 P.2d 905, 908 (Ct. App. 1994). Evidence is unfairly prejudicial when it suggests a decision on an improper basis. *State v. Ruiz*, 150 Idaho 469, 471, 248 P.3d 720, 722 (2010). Specific to child sexual abuse cases, the Idaho Supreme Court has noted that the admission of other sexual abuse evidence carries a significant risk that jurors will act on a "belief that sexual deviancy is a character trait of especially powerful probative value for predicting a defendant's behavior." *Field*, 144 Idaho at 569-70, 165 P.3d at 283-84. This Court has noted that risk is even greater where no physical evidence will be presented and the case will hinge on the victim's testimony. *Sanchez*, 161 Idaho at 733-34, 390 P.3d at 459-60.

Here, the State proffered no physical evidence to corroborate either victim's testimony. Had each victim's claims been tried separately, the outcome of each case would have hinged entirely on the jury finding that particular victim's testimony credible. Additional testimony

from another sexually abused child would have carried an especially high risk of infecting the trial by enhancing each victim's credibility. *See Orellana-Castro*, 158 Idaho at 763, 351 P.3d at 1221 ("The existence of two accusers would enhance their credibility."). Despite the potentially probative value of the evidence of an additional victim to demonstrate opportunity, the overwhelming *effect* of the evidence would have emphasized Nava's propensity to commit sex crimes. Thus, we conclude that the prejudicial nature of the evidence substantially outweighed its probative value. Therefore, the evidence, in addition to not constituting a common scheme or plan, would also not be admissible on the alternative ground pursuant to I.R.E. 404(b) to prove opportunity. Consequently, the denial of Nava's motion to sever the charges was not harmless.

### III.

### CONCLUSION

The district court abused its discretion by denying Nava's motion to sever. Thus, the judgment of conviction is vacated, and the case is remanded for proceedings consistent with this opinion.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.